## 47214. KAMENSKY v. SOUTHERN OXYGEN SUPPLY COMPANY.

PANNELL, Judge. Southern Oxygen Supply Company filed a complaint against Harry Kamensky, individually and trading as E. Cohn & Co., seeking to recover seventy (70) oxygen cylinders and thirty-three (33) acetylene cylinders bailed and rented to the defendant as containers for oxygen and acetylene sold to defendant, or for their value plus rental charges. The jury found for the plaintiff for $4,605.65, and the trial judge entered judgment in that amount.

The defendant appeals alleging (1) that the court erred in quashing defendant's subpoena requiring production of "5. All records and books showing account of Equipment Service & Supply Company from November 1, 1968 to March 1970, either with Southern Oxygen or through Southern Oxygen for N. C. A., and 6. Every receipt showing every return of cylinders from every customer showing where each cylinder was picked up and by whom and to whom credit was given"; (2) that the court erred in charging "express waiver" by the plaintiff is required to release defendant from the proper diligence duty established by statute for a bailee because this portion of the charge excluded testimony relative to custom usage and course of dealing between the parties for consideration by the jury; and (3) that the court erred in failing to sustain defendant's motion for a new trial in that the verdict was contrary to the evidence.

1. Georgia Law (Ga. L. 1966, pp. 502, 503, Code Ann. § 38-801 (b)) gives the trial court discretion, upon timely motion, to "(1) quash or modify the subpoena if it is unreasonable and oppressive." The standard "unreasonable and oppressive" is tested by the peculiar facts arising from the subpoena itself and other proper sources. 97 CJS 377.

We can not say the court erred in quashing the subpoena requiring production of "all records and books showing

account" of a company, not a party to the suit, and "every receipt showing every return of cylinders from every customer" when only one customer, the defendant, is a party to this suit. The defendant or his agent was given the invoice of each transaction pertaining to him at the time of the transaction. The courts of this State have consistently held that in controversies between two persons regarding a given subject-matter, evidence as to what occurred between one of them and a third person with reference to a similar, though entirely distinct transaction is irrelevant. *Merchants Nat. Bank of Rome v. Greenwood,* 113 Ga. 306 (38 SE 826); *Quinton v. Peck,* 195 Ga. 299 (24 SE2d 36); *Ga. Power Co. v. Brooks,* 207 Ga. 406 (62 SE2d 183); *Pinkerton &c. Detective Agency, v. Stevens,* 108 Ga. App. 159 (132 SE2d 119). The irrelevancy of most of the subpoenaed matter being recognized, the basis for the trial judge's finding that the subpoena was unreasonable and oppressive is clearly established.

2. The law imposes a duty on a bailee to exercise care and diligence in protecting and keeping safely the thing bailed (*Code* § 12-103), but unless the law forbids it, the parties are not prohibited from creating a different relationship. *Equitable Loan &c. Co. v. Waring,* 117 Ga. 599 (9) (44 SE 320, 62 LRA 93, 97 ASR 177); *Sams v. McDonald,* 117 Ga. App. 336 (160 SE2d 594). "Usage cannot . . . prevent the effect of the settled rules of law." National Bank v. Burkhardt, 100 U. S. 686, 692 (25 LE 766); Tilley v. Cook County, 103 U. S. 155 (26 LE 374); Boorman v. Jenkins, 12 Wend. 566 (27 AD 158); Thomas v. Guarantee Title &c. Co., 81 Ohio St. 432 (91 NE 183, 26 LRA (NS) 1210); 27 RCL 173, § 20; 17 CJ 501, § 64. "Custom may sometimes be invoked as entering into a contract or supplying incidents, but not to change the law." *Fidelity &c. Co. v. Butler,* 130 Ga. 225, 243 (60 SE 851 16 LRA (NS) 994); *Happ Bros. Co. v. Hunter Mfg. &c. Co.,* 145 Ga. 836 (5) (90 SE 61). Custom and usage not being sufficient to change the law, something more

express on the part of the parties is required. The expression of intent shown in this case, viz., a notation on invoices signed by the defendant or his agent at the time of delivery provided: "The buyer shall pay promptly on demand to the seller at the seller's current list prices for loss of or damage to any cylinder or fitting resulting from *any* cause while in the control or possession of the buyer." (Emphasis supplied.) The trial judge did not err in his charge to the jury that "express waiver" by the plaintiff is required to free defendant of the duty imposed on a bailee by law. There is ample evidence to support the jury's finding that no express waiver existed.

3. The evidence is consistent with the jury's finding and adequate to support it. The trial judge did not err in refusing to sustain defendant's motion for a new trial.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.* ARGUED JUNE 5, 1972—DECIDED OCTOBER 17, 1972.

*Shulman, Alembik & Rosenbluth, Jerrell P. Rosenbluth, Hirsch & Hodges, Milton Hirsch, for appellant.*

*Kelly, Champion, Denney & Pease, Forrest L. Champion, Jr., for appellee.*