## 53529. AYCOCK v. HOUSEHOLD FINANCE CORPORATION OF GEORGIA.

MARSHALL, Judge.

The appellee loan company sued the appellant borrower on May 20, 1976, to recover the amount allegedly past due on a consumer loan contract dated November 5, 1975. Service of the summons and complaint was on June 28, 1976. On July 20, 1976, the defendant filed an answer denying the indebtedness and alleging that the contract was in violation of the Georgia Industrial Loan Act (Code Ann. § 25-301 et seq.), hence void, and a counterclaim for the amounts in excess of money had and received under the allegedly void contract. On November 10, 1976, the defendant filed a document captioned "Subpoena duces tecum," requiring the plaintiff to produce certain documents, and an amendment to his counterclaim, seeking to recover the statutory penalty and attorney fees for alleged violations of the Federal Truth In Lending Act, 15 USCA § 1601 et seq., and Regulation Z (12 CFR 226).

At the bench trial of the case on November 15, 1976, the trial judge overruled the defendant's motion for continuance until the plaintiff should deliver the subpoenaed documents, and granted the plaintiff's motion to strike the defendant's counterclaim, which was added by amendment. The plaintiff loan company then presented evidence to the effect that it was duly licensed pursuant to the Georgia Industrial Loan Act, and that a certain balance was past due and unpaid on the

defendant's account. On cross examination, the plaintiff's agent admitted that the documents, the production of which the defendant had sought, were available.

The defendant, having been denied access to the documents sought, and his counterclaim added by amendment having been stricken, rested without presenting any evidence. Thereupon, the trial judge entered judgment for the plaintiff in the amount sought, from which judgment the defendant appeals. *Held:*

1. The trial judge did not err in striking that portion of the amended counterclaim pertaining to alleged violations of federal regulations.

This claim "arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim," making it a compulsory counterclaim, which is required to be filed as a part of and at the same time as the answer and other defensive pleadings, unless a later filing is permitted by the court. Code Ann. § 81A-113 (a); *Blount v. Kicklighter,* 125 Ga. App. 159 (1) (186 SE2d 543) (1971). " 'When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment.' CPA § 13 (f) (Code Ann. § 81A-113 (f)). What is excusable neglect depends on whether or not 'the defendant or his counsel had knowledge of the existence of the claim when the defensive pleadings were prepared and filed in the first instance,' and 'whether, under the facts, there has been unreasonable or inexcusable delay in the tendering of the amendment.' *Blount v. Kicklighter,* 125 Ga. App. 159, 161, 163, supra." *Sasser & Co. v. Griffin,* 133 Ga. App. 83, 89 (3c, d) (210 SE2d 34) (1974).

Where the complaint, *with a copy of the contract sued on attached as an exhibit thereto,* was served on June 28, 1976, the original answer and counterclaim was filed on July 20, 1976, and the amended counterclaim was not filed until November 10, 1976, almost 4 1/2 months after service of the complaint and only 5 days before the trial, it is, as it was in *Sasser & Co. v. Griffin,* supra, abundantly clear from the record that the defendant knew (or should have known) of the ground for the amended counterclaim when he filed his original counterclaim 3 1/2 months

earlier. There being no reason or excuse for delay, we find the trial judge's striking of the portion of the counterclaim raised by amendment to be proper.

2. The plaintiff's motion to strike the defendant's counterclaim was directed toward, and treated by the trial judge as applicable to, solely that portion of the amended counterclaim which was added by amendment, which we have held in Division 1 to have been properly stricken. The original counterclaim, however, was timely filed. See Code Ann. § 81A-112 (a) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693); *Hodges v. Community Loan &c. Corp.*, 133 Ga. App. 336, 342 (2) (210 SE2d 826) (1974), citing Code Ann. § 3-810 (Ga. L. 1964, p. 165; 1967, pp. 226, 243). In spite of this, however, the defendant failed to present either any evidence or argument in support thereof, perhaps assuming that the judge had stricken his entire counterclaim as amended. The judge's findings of fact in his judgment fail to refer to the original counterclaim, giving substance to the suspicion that the same was not considered on its merits, as it should have been. Since a new trial is being granted for the reason set out in Division 3 hereinafter, it is directed that this original counterclaim be considered on its merits and ruled on in the retrial of the case.

3. It is apparent from the transcript of the proceedings that the plaintiff's motion to quash the defendant's "subpoena duces tecum" was based upon the dual grounds of (1) the improper caption of the subpoena, and (2) the vagueness of the descriptions of the types of documents sought.

(a) As to the improper caption, the plaintiff is correct in maintaining that the term "subpoena duces tecum" is no longer properly used in Georgia law. Former Code Ch. 38-9, Subpoena Duces Tecum, was repealed in its entirety by Ga. L. 1966, pp. 502, 504. In its place was enacted Code Ann. § 38-801 (Ga. L. 1966, p. 502; 1968, pp. 434, 435; 1968, p. 1200), which now contains the various types of extant subpoenas.

Even if the term were currently valid, it applied when directed to others than parties or their counsel. *Wood v. McGuire's Children,* 21 Ga. 576 (2); *Ex parte*

*Calhoun,* 87 Ga. 359, 366 (13 SE 694). Its function is apparently served now by Code Ann. § 38-801 (b). The production of "books, writings or other documents or tangible things *in the possession, custody or control of another party"* can be obtained via § 38-801 (g).

Notwithstanding the above, however, it is obvious that the defendant here merely used an outdated form, albeit for the incorrect remedy. "The cases are too numerous to cite in full which hold that there is no magic in the nomenclature given a pleading, but it is the substance of the pleadings that determines its nature." *Hayes v. Superior Leasing Corp.,* 136 Ga. App. 98, 100 (220 SE2d 86) (1975) and cits. See also *W. L. Pettus Const. Co. v. Commercial Union Ins. Co.,* 138 Ga. App. 281 (1) (226 SE2d 77) (1976); *Clark v. State,* 138 Ga. App. 266 (5) (226 SE2d 89) (1976); Code Ann. § 81A-108 (c), (e, 1), (f) (Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230; 1976, pp. 1047, 1048). " '. . . [I]n classifying pleadings we will construe them to serve the best interests of the pleader, judging the pleading by its function rather than by its name.' *Holloway v. Frey,* 130 Ga. App. 224 (202 SE2d 845) [1973]." *Hayes v. Superior Leasing Corp.,* 136 Ga. App. 98, supra, p. 101. We hold that the subpoena used here should be construed to apply to the production of the documents sought from the plaintiff, thereby doing substantial justice and serving the defendant's best interests.

(b) As to the alleged vagueness of the descriptions of the types of documents sought, "Georgia Law (Ga. L. 1966, pp. 502, 503, Code Ann. § 38-801 (b)) gives the trial court discretion, upon timely motion, to '(1) quash or modify the subpoena if it is unreasonable and oppressive.' The standard 'unreasonable and oppressive' is tested by the peculiar facts arising from the subpoena itself and other proper sources. 97 CJS 377." *Kamensky v. Southern Oxygen Supply Co.,* 127 Ga. App. 343 (1) (193 SE2d 164) (1972).

Although the third item sought to be produced, "any other document executed by any person, having any relationship to any transaction between plaintiff and defendant," might have been so broad as to be subject to being quashed or modified, we believe that the first two items sought might be found to be reasonable and

relevant to the action, viz., "all documents signed by or shown to defendant in connection with any loan transaction which ever occurred between the parties," and "any ledger cards or other documents which indicate the date or amounts or any payments made by or on behalf of defendant to plaintiff." This is particularly true with regard to the latter request, in which items the defendant was especially interested and which the plaintiff admitted on the trial were in its possession.

Since it is not altogether clear from the transcript what the bases of the trial judge's rulings were, and since the defendant may have been erroneously deprived of the rights to pursue his original counterclaim and to have the production of certain items relevant to his defense and/or counterclaim, we reverse the judgment in favor of the plaintiff, with direction that the case be retried in accordance with our rulings herein made.

*Judgment reversed with direction. Deen, P. J., and Webb, J., concur.*

SUBMITTED MARCH 2, 1977 — DECIDED APRIL 13, 1977 —
REHEARING DENIED MAY 6, 1977 — 

*Joseph H. King, Jr.,* for appellant.
*Harris Bullock,* for appellee.