## 55260. RAYNER v. AETNA CASUALTY & SURETY COMPANY et al.

BIRDSONG, Judge.

This appeal involves the denial of workmen's compensation benefits subsequent to the death of the claimant's husband. The evidence presented to the administrative law judge compels the finding that the decedent, at the time of death, was an independent contractor as to appellee prime contractor and thus not an "employee" of the appellee prime contractor. This finding is consistent with the rule in that, upon appeal from an award of the State Board of Workmen's Compensation, the evidence will be construed in a light most favorable to the party prevailing before the board. *Fulmer v. Aetna Cas. &c. Co.,* 85 Ga. App. 102 (68 SE2d 180).

Appellant argues, however, that the administrative law judge erroneously excluded evidence which showed that after the death of her husband, the employer treated the decedent's employees as its own, thus indicating that the true status between the employer and the decedent prior to his death was that of employer and employee. The admissible evidence, however, completely refutes that contention. It was not error for the judge to exclude evidence as to occurrences between the employer and third persons regarding the completion of the work required under the personal contract between the employer and the decedent, but which the parties concluded could not be performed because of the death of one of the contracting parties. The evidence clearly showed that the arrangement between the prime contractor and decedent's erstwhile employees, though for the same work, was based upon entirely separate agreements. See *Kamensky v. Southern Oxygen Supply*

*Co.,* 127 Ga. App. 343, 344 (1) (193 SE2d 164). The superior court did not err in affirming the award of the State Board of Workmen's Compensation. *Hayes v. Highlands Ins. Co.,* 121 Ga. App. 758, 759 (175 SE2d 44).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED JANUARY 30, 1978 — DECIDED APRIL 4, 1978 — REHEARING DENIED APRIL 28, 1978.

*Savell, Williams, Cox & Angel, Michael K. Jablonski,* for appellant.

*Smith, Shaw, Maddox, Davidson & Graham, William E. Davidson, Jr.,* for appellees.