Timothy BURGESS, Plaintiff,

v.

MITCHELL MOTORS, INC. and General Motors Acceptance Corporation, Defendants.

Civ. No. C77–1411A.

United States District Court,
N. D. Georgia,
Atlanta Division.

May 9, 1978.

Ralph Goldberg, Atlanta, Ga., for plaintiff.

R. Byron Attridge and Nolan C. Leake, King & Spalding, Atlanta, Ga., for defendant General Motors.

Donald J. Goodman, Schwall & Heuett, Atlanta, Ga., for defendant Mitchell Motors.

ORDER

O'KELLEY, District Judge.

This matter is before the court on the report and recommendation of the magistrate and objections thereto. Plaintiff here was the defendant in a suit filed August 12, 1977, in DeKalb State Court to foreclose on a Cadillac automobile secured by an installment sales contract. Plaintiff here, defendant in the state suit, answered August 23, 1977, raising no counterclaim but purporting to reserve the right to bring any truth-in-lending claims in federal court. This action was filed August 25, 1977. On October 13, 1977, judgment was entered in DeKalb State Court against plaintiff herein.

Defendants assert that the federal court action based on truth-in-lending claims is barred by res judicata inasmuch as these claims should have been raised by way of counterclaim to the foreclosure action. Plaintiff, on the other hand, insists that he had the right to reserve the truth-in-lending claims in order to litigate them in a federal forum.

The magistrate recommends that the court dismiss the suit as barred by res judicata. His report is very persuasive. Further, Judge Henderson has recently held in *Chapman v. Aetna Finance Co.,* Civil No. 75–993A (N.D.Ga., Apr. 19, 1978), that when a Georgia state court action to collect a balance due to which there is a counterclaim involving no truth-in-lending allegations is dismissed with prejudice, a subsequent truth-in-lending action in federal court is barred by res judicata. *Chapman* appears to be on all fours with the case at hand. In both cases the federal plaintiff attempted to reserve his federal truth-in-lending claims for litigation in a federal forum. However, this case, unlike *Chapman,* was filed in state court after the decision in *Aycock v. Household Finance Corp. of Georgia,* 142 Ga.App. 207, 235 S.E.2d 578 (1977), in which the Georgia Court of Appeals found that in a suit on a debt any truth-in-lending claims must be raised as compulsory counterclaims. That the action here was a foreclosure rather than a suit on a debt makes no difference since the foreclosure suit and the truth-in-lending claims arose out of the same underlying contract. *Cf. Candler I–20 Properties v. Inn Keepers Supply Co.,* 137 Ga.App. 94, 222 S.E.2d 881 (1975). Whereas in *Chapman* the state suit was filed before the Georgia Courts had decided the question of whether a truth-in-lending claim was compulsory, this question had been decided at the time the state suit involved herein was filed. Prior to the Georgia decision addressing this issue, this court adopted the position that a truth-in-lending claim constituted a compulsory counterclaim to a suit on the underlying debt under the Georgia Civil Practice Act. *Wright v. Midtown Finance Corp.,* C75–640A (N.D.Ga. Nov. 14,

1975). In its order the district court noted that this position was supported by the Fifth Circuit opinion in *Spartan Grain & Mill Co. v. Ayers,* 517 F.2d 214 (5th Cir. 1975) that truth-in-lending claims arising out of a contract must be raised as a compulsory counterclaim to a federal court action to collect the balance due under the contract.

Inasmuch as there is no question that the Georgia court was competent to hear the truth-in-lending claims, 15 U.S.C. § 1640(e), and inasmuch as the truth-in-lending claims must be raised by compulsory counterclaim under Georgia law, the plaintiff's attempt to reserve his truth-in-lending claims for litigation in federal court was ineffectual. Any truth-in-lending claims which plaintiff might have held are now barred by principles of res judicata. Plaintiff's insistence that his reservation is made possible by *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964) is based upon the incorrect assumption that the "reservation" of a federal right can stave off the effect of res judicata. The *England* procedural device for a reservation of federal claims is confined to a reservation of constitutional claims when a federal court invokes the abstention doctrine. *See* 28 *East Jackson Enterprises, Inc. v. Cullerton,* 551 F.2d 1093 (7th Cir. 1977), *cert. denied,* 434 U.S. 835, 98 S.Ct. 123, 54 L.Ed.2d 96 (1977); *Godoy v. Gullotta,* 406 F.Supp. 692 (S.D.N.Y.1975).

Plaintiff had an opportunity to litigate his truth-in-lending claims in state court and, indeed, under state law he was obliged to raise them as a compulsory counterclaim or be forever barred from asserting such claims. In a case in which a state court action is raised as a bar to a federal question suit, federal law as to res judicata applies. *Chapman v. Aetna Finance Co.,* Civil No. 75–993A (N.D.Ga. Apr. 19, 1978); *see Angel v. Bullington,* 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947). Since the truth-in-lending claims could have been raised in state court and are now forever

barred from state court, plaintiff may not now raise these claims in federal court even though the claims were not litigated on the state level. *Angel v. Bullington,* 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947); *Chicot County Drainage District v. Baxter State Bank,* 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940).

Inasmuch as plaintiff's remaining claims in this action are barred by principles of res judicata, the court adopts the recommendations of the magistrate that the complaint be dismissed.

IT IS SO ORDERED this 8th day of May, 1978.