**Robert E. MITCHELL**

v.

**GENERAL FINANCE CORP. OF GEORGIA.**

**Civ. A. No. 77–640 A.**

United States District Court, N. D. Georgia, Atlanta Division.

June 5, 1978.

---

**12.** By the appropriate request to the governmental agency. See: 70 A.L.R.2d 240.

Joseph H. King, Jr., Atlanta, Ga., for plaintiff.

Lewis N. Jones, Atlanta, Ga., for defendant.

## ORDER

RICHARD C. FREEMAN, District Judge.

This is a Truth-in-Lending action, 15 U.S.C. § 1601 *et seq.* and attendant regulations, reported to the court by the United States Magistrate, 28 U.S.C. § 636. The magistrate, after thorough study and review, has recommended staying plaintiff's action for ninety (90) days pending the outcome of a simultaneously proceeding state court action involving these same parties and issues. The magistrate further recommends that if no other order is issued during this ninety day term, that plaintiff's action be dismissed in response to defendant's instant motion. The plaintiff has filed timely objection to the magistrate's recommendation of a stay of his action.

The present action resulted from a consumer credit transaction entered into by the parties on May 16, 1976. In March, 1977, defendant filed an action against the instant plaintiff in the State Court of DeKalb County, C.A. No. D–13075, contending that plaintiff was in default upon the loan contract and seeking to enforce payment of the alleged indebtedness. In April, 1977, the instant plaintiff filed an answer in state court: (1) denying liability; (2) seeking to recoup an alleged overpayment; and (3) purportedly reserving his rights to pursue a Truth-in-Lending claim in the federal court.[1] Plaintiff contemporaneously initiated the instant action in this court on his Truth-in-Lending claim. Defendant has moved to dismiss this action, arguing that a Truth-in-Lending action is a compulsory counterclaim to the state court action, Ga. Code § 81A–112, and may not now provide the source of a separate action in the federal court. Rather than granting defendant's motion to dismiss, the magistrate has recommended staying the federal action for ninety days.

This court has declared that a lender's claim to the unpaid balance on a consumer loan constitutes a compulsory counterclaim to the borrower's Truth-in-Lending charges brought on the subject loan contract violations. *Mims v. Dixie Finance Corp.,* 426 F.Supp. 627, 628 (N.D.Ga.1976) (*en banc*). The state court of appeals has recently ruled in the obverse situation that the borrower's Truth-in-Lending claims are compulsory counterclaims to a lender's suit

---

1. The instant plaintiff purported, in his answer as defendant in the state court action, to reserve his right to litigate his Truth-in-Lending charges in the federal court. He relies upon *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), as authorizing the reservation of certain claims for later federal court litigation. However, *England* allows a reservation of only federal constitutional claims in a state court proceeding, not the federal statutory claims asserted herein. *See Jennings v. Caddo Parish School Board,* 531 F.2d 1331 (5th Cir. 1976).

to recover payment on default of a consumer credit transaction. *Aycock v. Household Finance Corp.,* 142 Ga.App. 207, 235 S.E.2d 578 (1977). *But see Della Childs v. Liberty Loan Corp.,* C.A. No. 75–2044 (N.D.Ga., July 27, 1976) (O'Kelley, J.) [summary judgment allowed on defendant's debt counterclaim in a Truth-in-Lending action on grounds that the default had been disallowed in a separate state court action]; and *Childs v. Liberty Loan Corp.,* 144 Ga.App. 715, 242 S.E.2d 354 (1978) [state appellate ruling on the underlying debt after the Truth-in-Lending violation had been found by the federal district court]. Relying upon the *Mims* and *Aycock* compulsory counterclaim decisions, certain rulings in this district have announced that failure to interpose a Truth-in-Lending counterclaim in a previous state court proceeding upon alleged loan default, bars later initiation of a federal action by the borrower on Truth-in-Lending charges. *John W. Chapman v. Aetna Finance Company,* C.A. No. 75–993 (N.D. Ga., April 19, 1978) (Henderson, J.); *Burgess v. Mitchell Motors, Inc. and General Motors Acceptance Corp.,* 449 F.Supp. 588 (N.D.Ga.1978) (O'Kelley, J.). In *Chapman* and *Burgess* it was held that principles of *res judicata* prohibited relitigation of issues which were necessarily raised, if ever, in the prior state court litigation.

The instant action presents a variation on the *Chapman* and *Burgess* theme. In this instance, as in *Hurley v. Courtesy Finance Co.,* C.A. No. 75–1581 (N.D.Ga., Dec. 9, 1975) (Moye, J.), the coordinate state court action is presently pending. No final judgment has been rendered and the doctrine of *res judicata* is inapplicable as a bar to plaintiff's present federal court action. The state court action could suffer one of several consequences which would avoid binding judgment entitled to full faith and credit in the federal court. If, for example, the state court granted a dismissal without prejudice upon a jurisdictional or procedural deficiency, plaintiff's Truth-in-Lending action in this or any other court would not be foreclosed. As long as the state loan default action continues without final judgment, this federal action must similarly proceed to final adjudication. *Hurley v. Courtesy Finance Co., supra.* Defendant's motion to dismiss must therefore be DENIED. The court regrets this duplication of effort and expense in the state and federal forums, but when jurisdiction is concurrent, 15 U.S.C. § 1640(e), rather than exclusive, the parties are entitled to litigate their federal statutory and state common law grievances in either court.

The magistrate has recommended that a stay of the federal court action pending the outcome of the state court proceeding would provide an answer avoiding unnecessary duplicative effort. *See Washington v. Rothenberg,* 436 F.Supp. 699, 700 (E.D.Va.1977); *Wheeler v. Adams Co.,* 322 F.Supp. 645, 659 (D.Md.1971). As a rule, however, a stay may be granted when only equitable relief is sought in a contemporaneous action. *Kline v. Burke Construction Co.,* 260 U.S. 226, 230, 43 S.Ct. 79, 67 L.Ed. 226 (1922). In this instance, the relief intended is legal in nature and a stay may not be appropriately imposed. *Cleveland Lumber Company v. Proctor & Schwartz, Inc.,* 397 F.Supp. 1088, 1094 (N.D.Ga.1975) (Hill, J.). *But see Ruby Nell Holmes v. Safeway Finance Co. of Georgia,* C.A.No. 77–1918 (N.D.Ga., March 30, 1978) (Murphy, J.) [order without supplemental opinion approving and adopting magistrate's recommendation of a stay in a similar action].

Accordingly, the court hereby: (1) DENIES defendant's motion to dismiss; (2) DECLINES to enter a stay of the federal court action; and (3) REMANDS the action to the United States Magistrate for further proceedings.

IT IS SO ORDERED.