615 F.2d 361
 John W. CHAPMAN and Hattie Chapman, Plaintiffs-Appellants,
v.
AETNA FINANCE COMPANY, Defendant-Appellee.
Timothy BURGESS, Plaintiff-Appellant,
v.
MITCHELL MOTORS, INC. and General Motors Acceptance
Corporation, Defendants- Appellees.
 Nos. 78-2131, 78-2288
Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 April 11, 1980.
Rehearing Denied June 16, 1980.
 
 Joseph H. King, Jr., Atlanta, Ga., for plaintiffs-appellants in case no. 78-2131.
 Lewis N. Jones, Atlanta, Ga., for defendant-appellee in case no. 78-2131.
 Ralph Goldberg, Atlanta, Ga., for plaintiff-appellant in case no. 78-2288.
 Schwall & Heuett, Donald J. Goodman, Atlanta, Ga., for Mitchell Motors, Inc.
 King & Spaulding, R. Bryon Attridge, Nolan C. Leake, Atlanta, Ga., for GMAC.
 Appeals from the United States District Court for the Northern District of Georgia.
 Before HILL, GARZA, and THOMAS A. CLARK, Circuit Judges.
 JAMES C. HILL, Circuit Judge:
 
 
 1
 The question is whether petitioners' Truth-in-Lending claims[1] were properly dismissed on account of their non-assertion as compulsory counterclaims in previous state foreclosure proceedings. The posture of these cases is virtually identical. Petitioners allegedly defaulted on debts owed respondents, and respondents severally commenced foreclosure actions in Georgia state courts. Almost immediately thereafter, petitioners severally commenced the instant suits in United States District Court. The state cases meanwhile proceeded to judgment[2] without petitioners' Truth-in-Lending claims ever having been interposed as compulsory counterclaims therein. Ga.Code Ann. § 81A-113(a) (Harrison 1978). See Aycock v. Household Finance Corp., 142 Ga.App. 207, 235 S.E.2d 578 (1977), cert. dismissed, 240 Ga. 570, 241 S.E.2d 835 (1978).[3] Because these claims accordingly were barred under Georgia law, e. g., P. & J. Truck Lines, Inc. v. Canal Insurance Co., 148 Ga.App. 3, 251 S.E.2d 72 (1978),[4] the courts below determined that dismissal of the instant cases was mandated by 28 U.S.C.A. § 1738 (West 1966).[5] For the reasons that follow, we now reverse.
 
 
 2
 These appeals implicate the larger question of the extent to which full faith and credit embraces local rules of res judicata.[6] 28 U.S.C.A. § 1738 (West 1966) enjoins us to accord "full, not partial, credit" to state judicial proceedings. New York ex rel. Halvey v. Halvey, 330 U.S. 610, 614, 67 S.Ct. 903, 906, 91 L.Ed. 1133 (1947). Respondents would have us interpret this command as subsuming the entire range of effects accruing from foreign judgments, which effects include such matters as compulsory counterclaims, see Horne v. Woolever, 170 Ohio St. 178, 163 N.E.2d 378 (1959), cert. denied, 362 U.S. 951, 80 S.Ct. 861, 4 L.Ed.2d 868 (1960), collateral estoppel, see United States v. Silliman, 167 F.2d 607, 621 (3d Cir.), cert. denied, 335 U.S. 825, 69 S.Ct. 48, 93 L.Ed. 379 (1948), privity, compare Johnson v. Muelberger, 340 U.S. 581, 588-89, 71 S.Ct. 474, 478-79, 95 L.Ed. 552 (1951) with Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U.S. 111, 132-42, 32 S.Ct. 641, 644-648, 56 L.Ed. 1009 (1912), merger and bar. See generally Restatement (Second) of Conflict of Laws §§ 93-94 (1971); Degnan, Federalized Res Judicata, 85 Yale L.J. 741, 773 (1976); Carrington, Collateral Estoppel and Foreign Judgments, 24 Ohio St.L.J. 381 (1963); Note, 88 Harv.L.Rev. 453, 456 (1974). Although this approach has the virtue of simplicity, we think that it is unsound.
 
 
 3
 The "intended function" of the full faith and credit clause, as applied to judicial proceedings, is to avoid "relitigation in other states of adjudicated issues." Sutton v. Lieb, 342 U.S. 402, 407, 72 S.Ct. 398, 402, 96 L.Ed. 448 (1952). Fulfillment of that function plainly does not depend on extraterritorial application of essentially procedural res judicata rules. The Georgia compulsory counterclaim rule tracks Fed.R.Civ.P. 13(a), whose purpose is "to prevent multiplicity of actions." Southern Construction Co. v. Pickard, 371 U.S. 57, 60, 83 S.Ct. 108, 110, 9 L.Ed.2d 31 (1962) (per curiam). This interest in judicial economy is both local in scope and separate from the national interest in avoiding relitigation of adjudicated issues. Operating as it does to forfeit an unlitigated claim, Georgia's compulsory counterclaim rule is not unlike a statute of limitations, which like other "common and statutory law," Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 436, 64 S.Ct. 208, 212, 88 L.Ed. 149 (1943), would not ordinarily be entitled to full faith and credit in foreign jurisdictions. See Wells v. Simonds Abrasive Co., 345 U.S. 514, 516-18, 73 S.Ct. 856, 857-58, 97 L.Ed. 1211 (1953). Cf. Nevada v. Hall, 440 U.S. 410, 421-24, 99 S.Ct. 1182, 1189-1190, 59 L.Ed.2d 416 (1979), quoting Pacific Employers Insurance Co. v. Industrial Accident Commission, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940 (1939). See generally The Roles of Due Process and Full Faith and Credit in Choice of Law, 62 Cornell L.Rev. 94 (1976). We think that Georgia's compulsory counterclaim rule, for full faith and credit purposes, is more properly analyzed as a legislative act than as an element of that state's judicial proceedings. Cf. Note, Collateral Estoppel in Multistate Litigation, 68 Colum.L.Rev. 1590, 1592 n.14 (1968). It follows that, absent extraordinary circumstances not present here, compare Order of United Commercial Travelers v. Wolfe, 331 U.S. 586, 67 S.Ct. 1355, 91 L.Ed. 712 (1947), full faith and credit does not compel dismissal of the instant suits. See Graybar Electric Co. v. John A. Volpe Construction Co., 387 F.2d 55, 57 n.3 (5th Cir. 1967) (dictum).
 
 
 4
 But although we hold that § 1738 does not compel the results reached below, there remains the question whether we should, "by comity, give a remedy which the full-faith and credit clause does not compel." Milwaukee County v. M. E. White Co., 296 U.S. 268, 272, 56 S.Ct. 229, 231, 80 L.Ed. 220 (1935). See American Mannex Corp. v. Rozands, 462 F.2d 688 (5th Cir.), cert. denied, 409 U.S. 1040, 93 S.Ct. 524, 34 L.Ed.2d 489 (1972). It is now settled that, had respondents originally been able to bring foreclosure proceedings in the federal court system, petitioners' Truth-in-Lending claims would have been compulsory counterclaims under Fed.R.Civ.P. 13(a). See Plant v. Blazer Financial Services, Inc., 598 F.2d 1357 (5th Cir. 1979). As earlier indicated, the same rule obtains under Ga.Code Ann. § 81A-113(a) (Harrison 1978). See Aycock v. Household Finance Corp., 142 Ga.App. 207, 235 S.E.2d 578 (1977), cert. dismissed, 240 Ga. 570, 241 S.E.2d 835 (1978). Manifestly, therefore, the instant lawsuits derogate the policies of both Georgia and this Circuit. We decline to sanction the very repetitious litigation that both our and Georgia's compulsory counterclaim rules were intended to prevent. We hold, as a matter of comity, that Ga.Code Ann. § 81A-113(a) (Harrison 1978) operates in this Circuit to preclude adjudication of Truth-in-Lending claims that are not asserted in precedent Georgia state court suits on the underlying debt.
 
 
 5
 Our decision today rests largely on case law that supervened petitioners' decisions not to litigate in the Georgia state courts. Prior to Plant v. Blazer Financial Services, Inc., 598 F.2d 1357 (5th Cir. 1979), this court had not definitively resolved the status of Truth-in-Lending counterclaims under Fed.R.Civ.P. 13(a). Compare Spartan Grain & Mill Co. v. Ayers, 517 F.2d 214 (5th Cir. 1975) (dictum) (compulsory) with Spartan Grain & Mill Co. v. Ayers, 581 F.2d 419 (5th Cir. 1978), cert. denied, --- U.S. ----, 100 S.Ct. 59, 62 L.Ed.2d 39 (1979) (dictum) (permissive). Since, as we have held, 28 U.S.C.A. § 1738 (West 1966) does not oblige us automatically to effectuate Georgia's compulsory counterclaim rule, cf. Phoenix Insurance Co. v. Haney, 235 Miss. 60, 108 So.2d 227 (1959) (entertaining claim that was not interposed as compulsory counterclaim in prior federal action, despite Fed.R.Civ.P. 13(a)), it was only after Plant that our decision today became reasonably foreseeable. Since petitioners thus face unexpected forfeiture of their claims, and the principal countervailing interest is but a marginal amount of judicial economy, we think that the instant cases warrant prospective adjudication. See, e. g., Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971); England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). Following the practice utilized in Zambuto v. American Telephone & Telegraph Co., 544 F.2d 1333 (5th Cir. 1977), we hold that today's decision shall take effect ninety days after its date of release. Until then, claims such as petitioners shall be considered without regard to prior Georgia state court litigation on the underlying debt.
 
 
 6
 REVERSED and REMANDED.
 
 
 
 *
 Fed.R.App.Proc. 34(a), 5th Cir. Local R. 18
 
 
 [1]
 Petitioners sue under the Consumer Credit Protection Act, 15 U.S.C.A. § 1640 (West Supp.1979)
 
 
 [2]
 In No. 78-2131, the state proceedings were dismissed "with prejudice." This disposition was "as conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication." Cranford v. Carver, 124 Ga.App. 767, 768, 186 S.E.2d 150, 151 (1971), cert. dismissed, 228 Ga. 847, 188 S.E.2d 792 (1972)
 
 
 [3]
 Petitioners urge that Aycock which established that claims such as petitioners' were compulsory under Ga.Code Ann. § 81A-113(a) (Harrison 1978) conflicts with the earlier case of Hodges v. Community Loan & Investment Corp., 133 Ga.App. 336, 210 S.E.2d 826 (1974), modified, 234 Ga. 427, 216 S.E.2d 274 (1975). This contention is without merit. Hodges dealt with the narrow question of whether Truth-in-Lending claims were in the nature of recoupment, Ga.Code Ann. § 20-1311 (Harrison 1965), when raised in defense to a suit on the underlying debt. The court's holding that such claims were in the nature of setoff, Ga.Code Ann. § 20-1301 (Harrison 1965), rather than recoupment, patently has no relevance to the question whether such claims must be pleaded as compulsory counterclaims
 
 
 [4]
 Petitioners in No. 78-2131 argue that the state court's dismissal of Aetna's suit against them was ordered with their consent, and thus should not operate as a bar. But the state court's express characterization of its disposition as being "with prejudice," see note 2 supra, negatives any supposition that petitioners' consent abrogated the preclusive effect of that order. See Coker v. Ambridge Art Foundation, 144 Ga.App. 660, 242 S.E.2d 323 (1978). Furthermore, petitioners obviously "knew of the existence of a right to counterclaim, (and) the fact that there was no final judgment on the merits should be immaterial . . . . (Their) conscious inaction . . . created the very additional litigation the rule was designed to prevent." Dindo v. Whitney, 451 F.2d 1, 3 (1st Cir. 1971)
 
 
 [5]
 28 U.S.C.A. § 1738 (West 1966) provides, in pertinent part, that the "Acts, records and judicial proceedings (of any State, Territory, or Possession of the United States) . . . , shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State, Territory, or Possession from which they are taken."
 
 
 [6]
 We point out for emphasis that petitioners' Truth-in-Lending claims arise under federal law, 15 U.S.C.A. § 1640 (West Supp.1979), and that we thus speak as a court that owes no sovereign allegiance to the state of Georgia except that mandated by 28 U.S.C.A. § 1738 (West 1966). The ensuing discussion, consequently, is inapposite to diversity cases, 28 U.S.C.A. § 1332 (West 1966), in which entirely different considerations obtain. See Cleckner v. Republic Van & Storage Co., 556 F.2d 766 (5th Cir. 1977)