64169. MILLER DISTRIBUTING COMPANY et al. v. ROLLINS.

CARLEY, Judge.

Appellee brought suit against appellants in a two-count complaint. Count I alleged a conspiracy to destroy appellee's business. Count II alleged a claim for malicious prosecution on a "bad check" charge. The case was tried before a jury and, at the close of the evidence, appellee "withdrew" Count I so that the case was submitted to the jury only as to the malicious prosecution claim. The jury returned a verdict for appellee. Appellants appeal from the denial of their motion for new trial.

1. During the trial, appellee caused a portion of an affidavit of one of the appellants to be read into evidence. The affidavit had originally been offered in support of appellants' unsuccessful motion for summary judgment. At trial, appellee asserted that a portion of the affidavit constituted an admission by the appellant and, on that basis, the trial court permitted the affidavit to be read to the jury and admitted into evidence. On appeal appellants do not assert that the statement in the affidavit was not an admission, nor do they contend that it should not have been read to the jury. What they do argue is that the trial court erred in admitting the affidavit itself into evidence and in further allowing the document to go out with the jury.

Recent appellate decisions have apparently had the unfortunate

result of blurring the distinction between the issue of the underlying admissibility of certain written evidence and the question of allowing that evidence to go out with the jury. See generally *Thomason v. Genuine Parts Co.,* 156 Ga. App. 599 (275 SE2d 159) (1980); *Kresge v. Thomas,* 160 Ga. App. 219 (1) (286 SE2d 473) (1981); *Goins v. Glisson,* 163 Ga. App. 290 (292 SE2d 917) (1982); *Laster v. State,* 163 Ga. App. 294 (293 SE2d 75) (1982). Evidence "is the means by which any fact which is put in issue, is established or disproved." *Hotchkiss v. Newton,* 10 Ga. 560, 567 (4) (1851). "[T]he general rule is, that *all* the circumstances of a transaction may be submitted to the Jury, provided they afford any fair presumption or inference as to the matter in issue . . . Accordingly, . . . all facts upon which any reasonable presumption or inference can be founded, as to the truth or falsity of the issue, are admissible in evidence." *Keener v. State,* 18 Ga. 194, 225 (1855). On the other hand, certain written evidence, otherwise "admissible" as tending to prove or disprove issues in the case, should not be allowed to go out with the jury. " 'The jury should not be permitted to take with them for consideration in the jury room, depositions, dying declarations, confessions or written statements of the defendant, or other instruments of evidence depending for their value on the credibility of the maker.' . . . Such written testimony may have an unfair advantage over oral testimony by speaking to the jury more than once." *Royals v. State,* 208 Ga. 78, 81 (65 SE2d 158) (1951). See also *Johnson v. State,* 244 Ga. 295, 296 (3) (260 SE2d 23) (1979).

It is clear, however, that the underlying "admissibility" of written evidence in a case is a separate and distinct issue from whether that evidence should be allowed to go out with the jury. " 'Appellant's continuing objection against admission of this evidence did not reach the question of its going out with the jury . . . [Cits.]' [Cit.]" *Gribble v. State,* 248 Ga. 567, 572 (284 SE2d 277) (1981).

In the instant case it appears that, in the trial court, appellants asserted only objections to the general admissibility of the affidavit into evidence. Assuming the appellant's affidavit to be, in its relevant part, an "admission" — and no argument is made on appeal that it is not — it was "admissible" into evidence as such. See generally Code Ann. § 38-403. Further assuming that the affidavit was not however proper evidence for the jury to have in its possession during deliberations, the transcript demonstrates that appellants raised no such specific objection in the trial court. "An enumeration of error complaining of admission of evidence or of documents going out with the jury presents nothing for decision by this court where no objection was made at the trial. [Cits.]" *White v. State,* 137 Ga. App. 9, 10 (223 SE2d 24) (1975). Accordingly, we find this enumeration of error to be without merit. See *McKay v. State,* 200 Ga. 120, 121 (3) (36

SE2d 55) (1945).

2. Appellants enumerate as error the admission of certain testimony concerning their business dealings with an individual other than appellee. It is urged that this evidence was inadmissible because "in controversies between two persons regarding a given subject-matter, evidence as to what occurred between one of them and a third person with reference to a similar, though entirely distinct transaction is irrelevant. [Cits.]" *Kamensky v. Sou. Oxygen Supply Co.,* 127 Ga. App. 343, 344 (193 SE2d 164) (1972).

The *Kamensky* decision states the general rule as to the inadmissibility of similar but distinct transactions. There is, however, an exception. "The conduct of parties in other transactions is irrelevant, 'unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct.' Code § 38-202." *Pinkerton Nat. Detective Agency v. Stevens,* 108 Ga. App. 159, 170 (132 SE2d 119) (1963). The evidence in the instant case was apparently offered and admitted as being relevant to appellee's then viable conspiracy claim. Our review of the contested evidence demonstrates no reversible error in its admission on this basis. See generally *Terry v. Fickett,* 199 Ga. 30, 38 (8) (33 SE2d 163) (1945); *Tapley v. Youmans,* 95 Ga. App. 161, 175 (7) (97 SE2d 365) (1957). Moreover, it would appear that error, if any, in the admission of the testimony was rendered harmless by the withdrawal of Count I from the jury and the general charge of the trial court in this regard. See *Verdery v. Savannah, F. & W. R. Co.,* 82 Ga. 675 (9 SE 1133) (1889).

3. Appellants enumerate as error allowing the complaint containing the withdrawn allegations of Count I to go out with the jury. It is urged that allowing the jury to have the complaint without excising the "prejudicial" allegations of Count I was erroneous.

"[T]he jury was [in effect] instructed that the pleadings were 'just the contentions of the parties and they are not evidence in this case.' [Cit.]" *B. G. Sanders & Assoc. v. Castellow,* 154 Ga. App. 433, 435 (268 SE2d 695) (1980). In this case, the jury was specifically "cautioned" that appellee "withdrew one of the counts of his complaint, the one that has to do with conspiracy, so you will not consider that in any manner or fashion in your deliberations." This instruction "was sufficient, without the necessity of physically expunging the matter from the pleading before allowing it to go to the jury room." *Harmon v. Redding,* 135 Ga. App. 124, 128 (218 SE2d 32) (1975). Under these circumstances, we find no error in allowing the pleadings to go out with the jury.

*Judgment affirmed. Quillian, C. J., concurs. Shulman, P. J., concurs in the judgment only.*

Decided September 14, 1982 —
Rehearing denied September 28, 1982 —

*C. Ashley Royal,* for appellant.
*Alton D. Kitchings,* for appellee.