**WILMINGTON TRUST COMPANY et al.,**
**Defendants Below, Appellants,**

**v.**

**Francis J. SCHNEIDER, Jr., et al.,**
**Plaintiffs Below, Appellees.**

Supreme Court of Delaware.

May 2, 1974.

Rodney M. Layton and Wendell Fenton, of Richards, Layton & Finger, Wilming-

ton, for Wilmington Trust Co., defendant below, appellant.

Henry N. Herndon, Jr., and Eduard F. vonWettberg, III, of Morris, James, Hitchens & Williams, Wilmington, for Bank of Del., defendant below, appellant.

Charles F. Richards, Jr., Martin I. Lubaroff and Stephen E. Herrmann of Richards, Layton & Finger, Wilmington, for Farmers Bank of the State of Del., defendant below, appellant.

David Roeberg, of Potter & Roeberg, Wilmington, for plaintiffs below, appellees.

CAREY, J., and STIFTEL and CHRISTIE, Judges, sitting.

CAREY, Justice:

The appellees, Francis J. Schneider, Jr., Paul McCartney and Kenneth Richardson, Jr., instituted this action in the Court of Chancery against Wilmington Trust Company, Bank of Delaware, and Farmers Bank of the State of Delaware, appellants. The action was brought as a class action, the complaint alleging that the appellees and the members of the class were charged interest on loans exceeding that allowed by law. The suit is based upon 6 Del.C. § 2304(b), which reads as follows:

"(b) When a rate of interest for the loan or use of money exceeding that established by law has been reserved or contracted for, the borrower or debtor shall not be required to pay the creditor the excess over the lawful rate and the borrower or debtor may, at his option, retain and deduct the excess from the amount of any debt. In all cases where any borrower or debtor has paid the whole debt or sum loaned, together with the interest exceeding the lawful rate, the borrower or debtor, or his personal representative, may recover in an action against the person who has taken or received the debt and interest, or his per-, sonal representative, the sum of 3 times the amount of interest collected on any loan in excess of that permitted by law or the sum of $500, whichever is greater, if such action is brought within one year after the time of such payment."

The appellees held either "Master Charge" or "Bank Americard" credit cards with the appellants. They made purchases, using the cards, and the banks paid the sellers. Appellees paid the amounts so advanced, plus interest thereon, in installments. Their only claim is that they were charged excessive interest. The appellants moved to dismiss on the grounds that the Court of Chancery has no jurisdiction, since there exists an adequate remedy at law.

In the Court below, the appellees advanced a number of grounds for their claim that the case is properly within the jurisdiction of equity. The Court below correctly held that all of these grounds, except the one mentioned hereafter, were inadequate to justify its acceptance of jurisdiction. The Court declined to dismiss the case at the present stage, however, upon the theory that it *may* have jurisdiction if the appellees can show that there is an imminent threat of multiplicity of suits at law, even though there is no other ground for equity jurisdiction. It then ordered a hearing under Chancery Rule 23 to determine this question, stating that it would retain jurisdiction if the necessary requisities of Rule 23 are met, in order to avoid a multiplicity of suits at law. See Del.Ch., 310 A.2d 897. The appellants contend here that the Court below erred in this respect and should have dismissed the suit or at least directed its transfer to the Superior Court.

■ We do not look upon Chancery Rule 23 as a modern codification of the historical requirements for multiplicity jurisdiction. The Rule is procedural, not jurisdictional. It is designed, in our opinion, to enable the Chancellor to determine early in the case whether to treat a suit which

has been properly brought in equity as a class action; it does not confer jurisdiction upon that Court of a case which ought to be in a law Court. The effect of treating the Rule as one authorizing equity to assume jurisdiction solely because of multiplicity would have the effect of broadening the scope of equity jurisdiction without constitutional or even statutory approval; yet Delaware has consistently been diligent in preserving the distinction between law and equity.[1]

 Almost a century ago, our predecessors stated: "Multiplicity does not mean multitude, and equity will not interfere where the object is to obtain a consolidation of actions, or to save the expense of separate actions . . . (or) where the claim of right rests on a mere (common) question of law." Murphy, et al. v. City of Wilmington, Ct. of E. and A., 6 Houst. 108; see also Field v. Layton & Layton, 16 Del.Ch. 135, 141 A. 818 (1928). The mere fact that the several cases involve the same legal question is not a compelling reason for the exercise of equitable jurisdiction. The claims in this case, if separate actions were brought, would definitely have to be brought in Superior Court; the issues of law and fact can be decided in that Court as well as in Chancery. Disposition of two or three cases at law would undoubtedly establish precedent for the settlement of any others.[2] We will not assume that, if and when liability should be established against the defendants they will refuse to honor their obligations to other persons in similar positions whose claims are not barred by the statute of limitations. Wise v. Delaware Steeplechase & Race Ass'n, Del.Supr., 28 Del.Ch. 532, 45 A.2d 547 (1945).

We accordingly hold that the litigation should not proceed in Chancery, and the case should be dismissed or, if counsel so requests, transferred to the Superior Court under 10 Del.C. § 1901.

---

1. Under 10 Del.C. § 342, equity has no jurisdiction if there is an adequate remedy at law.

2. Such decisions should eliminate any likelihood of a large number of suits being brought; indeed, the complaint in the present actions does not even allege that any other suits have been brought, or that there is an imminent likelihood of a mulitude of actions. It simply states that the bill is brought in equity "in the interest of economy in litigation and of repose to controversies," and that "a class action is superior to any other available method for the fair and efficient adjudication."