OZELLE VICKERS, on Behalf of Himself and All Others Similarly Situated, et al., Respondents, v HOME FEDERAL SAVINGS & LOAN ASSOCIATION OF EAST ROCHESTER, Appellant.

Fourth Department, January 21, 1977

*Weiner & Lawrence, P. C. (Malcolm Lawrence* of counsel), for appellant.

*Shoolman & Shoolman (Carl Shoolman* of counsel), for respondents.

GOLDMAN, J. In this action alleging violations of the Consumer Credit Protection Act, generally known as the Truth-in-Lending Act (TIL) (US Code, tit 15, § 1601 *et seq.)* defendant-appellant Home Federal Savings & Loan Association of East Rochester appeals from Special Term's order certifying this suit as a class action and specifying the method and content of the notice to potential class members. We agree that the claims raised in this action are appropriate for class treatment and that Special Term properly defined the class as consisting of all persons to whom inaccurate TIL disclosures were made by the appellant in mortgage transactions between July 15, 1974 and July 17, 1975.

Having concluded that the plaintiffs are seeking recovery of the civil penalties imposed under section 1640 of the TIL, Special Term proceeded to apply CPLR 901 (subd b) to determine whether such an action could properly be maintained in the courts of this State. The CPLR section provides that class

actions for recovery of a statutory penalty shall not lie unless the statute imposing such penalty "specifically authorizes" a class action for its recovery.

Although the parties did not raise the issue at Special Term, the court grounded upon the supremacy clause its conclusion that the TIL specifically authorizes class actions within the meaning of CPLR 901 (subd b). It stated, in pertinent part, that "an interpretation of CPLR 901 (subd b) barring such actions in the courts of this State because of a failure to find specific authority under T-I-L would appear to be unconstitutional". (87 Misc 2d 880, 886.) We need not decide this question, for in the case at bar there is no conflict between the TIL and CPLR 901 (subd b).

The language of the Federal statute does authorize class actions in accordance with the requirements of rule 23 of the Federal Rules of Civil Procedure *(Postow v Oriental Bldg. Assn.,* 390 F Supp 1130; *Agostine v Sidcon Corp.,* 69 FRD 437; *Redhouse v Quality Ford Sales,* 523 F2d 1). The Federal courts which have construed the new class action provisions of the TIL agree that the act "expressly contemplates" class actions *(Agostine v Sidcon Corp., supra,* p 444; *Boggs v Alto Trailer Sales,* 511 F2d 114, 117; *Fitzgerald v Northeastern Hosp. of Philadelphia,* 418 F Supp 1041, 1043). Legal commentators have also expressed the view that under the amended statute class action for the recovery of civil penalties are "expressly recognized" (Developments in the Law—Class Actions, 89 Harv L Rev 1281, 1362, n 155); "specifically" permitted (Burman, Consumer Law, NYLJ, Oct. 28, 1976, p 1); and "clearly authorize(d)" (LeValley & Walker, Truth in Lending Class Actions Under Amended Section 130, 24 Kan L Rev 471, 479). It is clear that Congress contemplated the maintenance of TIL actions in State courts. The Federal statute provides that any action under section 1640 may be brought in any United States District Court, or in any other court of competent jurisdiction (US Code, tit 15, § 1640, subd [e]). The Federal Reserve Board, the agency officially authorized by Congress to interpret the act, has decided that the foregoing language "simply means that any State court which is competent under the applicable State law could try such a case" (FRB Letter, No. 99, Sept. 2, 1969, in 2 Clontz, Truth in Lending Manual, App E, p 139 [3d ed, 1973]; CCH Consumer Credit Guide, par 30,152).

We concur in Special Term's finding that the question of

possible conflicts of interest between the class representatives and the class members need not be resolved finally at the present stage of the litigation. The issue of whether the respondents can fairly represent the class does not require threshold determination, as suggested by the District Court in *Weathersby v Fireside Thrift Co.* (CCH Consumer Credit Guide, par 98,640; cf. *Agostine v Sidcon Corp., supra).*

Since the elements of the named plaintiffs' causes of action are substantially identical to those of the class, a sufficient commonality of interest has been established to warrant class action certification. This view draws support from numerous Federal cases holding that the fact that the named plaintiffs seek damages in different amounts or even a remedy of a different character will not impair their ability fairly to represent the class. (See, e.g., *Senter v General Motors Corp.,* 532 F2d 511, 524-525; *Weathers v Peters Realty Corp.,* 499 F2d 1197, 1200; *City of Philadelphia v American Oil Co.,* 53 FRD 45, 68; *Tober v Charnita, Inc.,* 58 FRD 74, 80; *Frankel v Wyllie & Thornhill,* 55 FRD 330; *Gilinsky v Columbia Univ.,* 62 FRD 178.) If at any stage of the action a question should arise as to the adequacy of the class representation, the trial court can at that stage take appropriate action.

Appellant contends that the proposed notice and the "opt-out" statement therein is unfair both in its tone and its requirement that those seeking to opt-out have their declarations notarized. This, appellant urges, insures that few potential class members will choose the alternative of an individual action. CPLR 904 (subd [c]) gives the court broad discretion in directing the form and manner of notice to be given to class members. Although the statute requires court approval of the notice, it does not, with few exceptions, dictate the contents of the notice (2 Weinstein-Korn-Miller, NY Civ Prac, par 904.07, p 9-89). If the court determines that class members should be permitted to opt-out, notice of this right and the time in which it must be exercised must be included. (See 2 Weinstein-Korn-Miller, NY Civ Prac, par 904.06, p 9-88.) However, a fundamental requirement of any notice is that it present a balanced statement of the potential class member's rights and liabilities. (See Miller, Problems of Giving Notice in Class Actions, 58 FRD 313, 327; 2 Weinstein-Korn-Miller, NY Civ Prac, par 904.06, p 9-89.) Under these standards the notice approved by Special Term requires modification. The notice does not contain a description of the class so that an individual may

determine whether he is actually a member. Since the proposed class encompasses all those Home Federal customers to whom inaccurate disclosures were made between July 15, 1974 and July 17, 1975, this information should be included with the notice.

The order requiring notice is premature. Further discovery proceedings should be ordered so that all potential class members to whom notice should be sent can be identified. (See 2 Weinstein-Korn-Miller, NY Civ Prac, par 903.01, pp 9-64—9-65; cf. *Postow v Oriental Bldg. Assn.,* 390 F Supp 1130, 1140, *supra.)*

We are annexing a redrafted exclusion request, designated Appendix A, to convey a more balanced statement of the rights and liabilities of potential class members and a redrafted notice of class action letter, designated Appendix B, which are to be sent at the appropriate time by respondents' attorneys.

CARDAMONE, J. P., SIMONS, DILLON and WITMER, JJ., concur.

Order unanimously modified in accordance with opinion by GOLDMAN, J., and, as modified, affirmed, without costs.

### APPENDIX A

### EXCLUSION REQUEST

Honorable J._____
Clerk of the Court
Supreme Court, Monroe County
Hall of Justice
Civic Center Plaza
Rochester, New York 14614

Re: Vickers v. Home Federal Savings & Loan
Association of East Rochester

IMPORTANT: MAIL THIS ONLY IF YOU DO NOT WANT THE VICKERS TO REPRESENT YOU IN THE LAWSUIT AGAINST HOME FEDERAL. BY MAILING THIS FORM YOU ARE WITHDRAWING FROM THE CLASS AND CANNOT SHARE IN ANY MONEY THE COURT MIGHT AWARD IN THE VICKERS' LAWSUIT.

I have carefully read the notice about the class action against Home Federal.

I have decided that I do not want to be part of the class represented by the Vickers. By withdrawing from the lawsuit I realize that I will not share in any money the class members might be awarded.

I prefer either (1) to make no further claim, or (2) to assume the rights, risks and responsibilities of suing alone for the $1,000.00 plus actual

damages plus lawyers' fees which Mr. and Mrs. Vickers claim is owed me by Home Federal. I know that my right to sue may expire almost immediately unless I begin my own lawsuit.

Please remove my name from the list of members of this class action.

Very truly yours,

_____
(signature)
Name:_____
Address:_____

## APPENDIX B

### NOTICE OF CLASS ACTION

Dear Home Federal Mortgagor*

Ozelle and Lucretia Vickers have brought a lawsuit in the New York Supreme Court claiming that Home Federal violated the Truth-in-Lending Act in their mortgage transaction. The Vickers also have reason to believe that Home Federal may have violated the law in your mortgage transaction as well. Home Federal has denied the allegations and has denied liability.

The court has decided that you may allow Mr. and Mrs. Vickers to sue Home Federal on your behalf to determine whether the Truth-in-Lending Act was violated. This means that you could become a member of a class of Home Federal borrowers who received inaccurate disclosure statements from the bank between July 15, 1974 and July 17, 1975.

If you become a class member and if it is determined that Home Federal violated the law, you could receive, without expense for attorney's fees or disbursements, a share of the penalty the court might impose on the bank. The amount you will recover depends on the types of violation, if any, proved in your transaction; the number of people remaining in the class; and the determination of factual and legal issues by the court. At this time, it appears that the maximum which you could receive as your share of the penalty would be approximately $66 to $120 if the class lawsuit is successful. On the other hand, it is possible that you may recover a greater amount, or nothing at all.

IF YOU DECIDE TO REMAIN A MEMBER OF THIS CLASS, YOU WILL LOSE ANY RIGHT TO SUE ON YOUR OWN AND YOU WILL BE BOUND BY THE JUDGMENT WHETHER FAVORABLE OR NOT IN THE CLASS LAWSUIT.

If you do not want the Vickers to represent you as a member of the class, you may, instead, complete and mail the enclosed "EXCLUSION REQUEST" and your name will be removed from the list of those participating in the lawsuit.

You may also complete the "EXCLUSION REQUEST" and sue alone for any damages that you may have suffered from any violation of the law committed by the bank. If you choose to sue alone, you may recover any actual damages plus a $1,000 penalty, plus legal expenses. It is probable that by suing alone your recovery—if you are successful—will exceed any damages you may recover if the Vickers represent you as a member of the

---

* "Home Federal" throughout this notice means Home Federal Savings & Loan Association of East Rochester.

class. If you sue alone, you would assume all rights, risks, and responsibilities of a lawsuit, including collecting evidence, presenting the law and facts to the court, and if you lose, paying court costs and lawyers' fees. NOTE WELL: You should immediately consult your lawyer if you are considering suing alone, because your right to sue expires soon (in some cases, within days of this notice).

Although the court has decided that this legal action may be maintained as a class action, there has been no decision that Home Federal is, or is not, liable to you for damages or penalties. This decision cannot be made until the case has been tried.

If you do not want to remain in the class represented by the Vickers, you must inform the court, by mailing the enclosed "EXCLUSION REQUEST". If you want to remain in the class and hire your own lawyer, or act as your own lawyer, you must file a notice of appearance with the court and the lawyers for Home Federal and the Vickers. These notices must be postmarked within three (3) weeks of the postmark of this notice.

IF YOU DECIDE TO REMAIN IN THE CLASS AND FORFEIT YOUR RIGHT TO SUE ON YOUR OWN, YOU SHOULD NOT MAIL THE ENCLOSED NOTICE.

If you have any question, you should contact your lawyer.

DATED:                               SHOOLMAN & SHOOLMAN
                                          Lawyers for the Class
                                          610 Reynolds Arcade Bldg.
                                          Rochester, N. Y. 14614
                                          454-6575