Eleanor **PERRY**, Plaintiff,

v.

**AMERICAN FINANCE CORPORATION OF MILFORD**, Defendant.

Superior Court of Delaware, Kent County.

Submitted Jan. 5, 1977.

Decided Feb. 9, 1977.

Gary A. Myers, Community Legal Aid Society, Inc., Dover, for plaintiff.

Wilmer C. Bettinger, Schmittinger & Rodriguez, Dover, for defendant.

## OPINION

WRIGHT, Judge.

The plaintiff has filed a complaint in this Court alleging violations of the Federal Truth in Lending Act, 15 U.S.C.A. § 1601 *et seq.* The defendant has filed a motion to dismiss the complaint.

The narrow question presented is whether or not this Court has subject matter jurisdiction over the case since it is based upon federal law.

The plaintiff contends that subject matter jurisdiction is conferred upon this Court by virtue of 15 U.S.C.A. § 1640(e) which reads:

Any action under this section [15 USCA § 1640] may be brought in any United States District Court, or in *any other court of competent jurisdiction,* within one year from the date of the occurrence of the violation. [Emphasis added]

A state court which enforces claims under its laws which are similar to a claim established by federal law may not decline to enforce the federal law when the federal legislation has not been restricted by Congress to the federal judicial system. *Testa v. Katt,* 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947).

Actions based on the usury laws of this state must be brought in this Court. *Wilmington Trust Co. v. Schneider,* Del. Supr., 320 A.2d 709 (1974). Actions brought pursuant to the Truth in Lending Act have been said to be "very similar to a usury action", *Porter v. Household Finance Corporation,* 385 F.Supp. 336 (S.D.Ohio 1974).

It follows that this Court is of competent jurisdiction to entertain the present action and that the defendant's motion to dismiss must be denied.

IT IS SO ORDERED.