Henry MAYS, Jr., and William R. Kinsley, Plaintiffs-Appellants,

v.

Robert E. BRENT, Vice President d/b/a Safeway Finance Company, Inc. of Georgia, Defendant-Appellee.

No. 76–3549

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 9, 1977.

Henry Mays, Jr., pro se.

William R. Kinsley, pro se.

Aaron Cohn, Columbus, Ga., for defendant-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Appellee Safeway Finance Company made two loans to appellants in 1973 and 1974. In 1975 Safeway filed suit in Georgia state court to recover on the loans. Appellants asserted defenses and counterclaims based on various state law grounds and on the federal truth-in-lending statute, 15 U.S.C.A. § 1601 et seq.

While the state litigation was pending, appellants filed the federal action at bar, alleging truth-in-lending and other violations, all of which had been raised in the state-court action.[1] When the state court granted judgment for Safeway on all points, the district court dismissed the complaint in the instant case on the basis of res judicata.[2] Appellants bring this appeal, addressing most of their arguments to alleged errors in the state court judgment.

The correctness of the state court judgment, however, is not before us. The only issue here is whether the federal district court properly applied the doctrine of res judicata. Because the identical causes of action asserted in the case at bar were adjudicated between these parties in the prior state-court action, the district court properly concluded that the Georgia judgment bars the action here. The judgment below is affirmed.[3]

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

1. Also named as a defendant was Robert E. Brent, a vice president of Safeway. Brent's presence as a party is irrelevant to the issues in the case.

2. The court also concluded that the action was barred by the statute of limitations.

3. In light of our disposition of the res judicata issue, we need not reach the district court's alternative argument that the statute of limitations bars this action.