**Modico L. STOKES, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**TWIN CITY MOTORS, INC., and Worthen Bank & Trust Company, N. A., Defendants.**

**No. PB–C–78–146.**

United States District Court, E. D. Arkansas, Pine Bluff Division.

Jan. 25, 1980.

James Carfagno, Jr., Legal Aid Bureau, Pine Bluff, Ark., for plaintiff.

Jack Sims, Isaac A. Scott, Jr., Little Rock, Ark., for defendants.

## MEMORANDUM OPINION

HARRIS, District Judge.

On August 31, 1978, plaintiff commenced this action by filing her complaint wherein she alleged that defendants, Twin City Motors and Worthen Bank, violated provisions of the Truth in Lending Act. Jurisdiction is invoked pursuant to 15 U.S.C. § 1640 and 28 U.S.C. § 1337. Plaintiff seeks to recover

actual damages which she is alleged to have incurred by reason of the Truth in Lending violations, and seeks to have the matter certified as a class action for the benefit of all others similarly situated as having borrowed money to finance automobile purchases from Worthen Bank through Twin City Motors. Damages are also sought in behalf of the class.

The matter is before the Court at this stage on the Motion of defendants to dismiss the complaint of plaintiff, both individually and as a class representative. This cause has not been certified as a class action by this Court. The dismissal motion has been fully briefed and was argued by counsel orally on January 21, 1980, pursuant to schedule.

Defendants contend that the complaint of plaintiff is barred by principles of res judicata, in that it is shown that plaintiff filed an action against these same defendants in the Chancery Court of Pulaski County, Arkansas, cause No. 78–3281 in that Court, which cause proceeded to judgment entered July 31, 1979. Plaintiff was awarded damages in the amount of $90.48 against Twin City Motors in that judgment. An examination of the complaint exhibited reveals that the action in the State Court was based on a contract action and a claim of usury pursuant to the Constitution and statutes of the State of Arkansas, and that no Truth in Lending violation was alleged. The action did, however, involve the same contract whereon the Truth in Lending disclosures complained of herein were made.

Plaintiff, in her brief and at oral argument, admits that the action was brought in the State Court, that it did proceed to judgment, but contends that the Truth in Lending action was purposely not included in the State Court complaint for the reason that counsel considered the Arkansas class action procedures so stringent that he believed the matter could not be certified to proceed as a class action in that Court. Therefore, the Truth in Lending claims of plaintiff, which were known to exist at the time of the filing of the complaint of plaintiff in the State Court, were intentionally and purposely omitted from that complaint and this action in the Federal Court was commenced, approximately one month later, in what was conceived to be a more favorable forum for the development of a class action.

Plaintiff contends that the complaint herein alleges a separate and severable, independent cause of action based on Federal statute, to vindicate public policy established by the Congress, and that this cause of action was not so closely connected with the cause of action based on state law decided by the Chancery Court as to come within the principles of res judicata.

As contended by plaintiff, the cause of action asserted in this proceeding pursuant to the Truth in Lending Act is based on an Act of Congress. Jurisdiction is established in this Court pursuant to the Act, rather than diversity of citizenship. Concurrent jurisdiction of Truth in Lending claims, however, is vested by the Act in state courts of competent jurisdiction. 15 U.S.C. § 1640(e). *Perry v. American Finance Corp.*, 372 A.2d 224 (Del.Super.1977); *Vickers v. Home Federal Savings & Loan Ass'n*, 56 A.D.2d 62, 390 N.Y.S.2d 747 (1977).

Clearly, had the plaintiff not purposely omitted from her complaint in the Chancery Court the allegations of Truth in Lending violations, that Court could have adjudicated the truth in lending claims, along with the contract and usury issues raised in the complaint as filed. The claims arose out of the same transaction, the purchase of an automobile by plaintiff from Twin City Motors with financing provided by Worthen Bank. The disclosures appear on the face of the contract. The allegations of noncompliance with Truth in Lending and "Regulation Z" adopted pursuant thereto, involve the same issues—insurance charges, filing fees and charges for registration and licensing—as were alleged in support of the contract and usury claims of plaintiff in State Court.

Although the Truth in Lending claim involves a basis in law differing from the contract and usury claims, and a different measure of damages or different relief, it is clear that many of the issues of fact would

be the same and the same evidence would be involved to a great extent.

■ Plaintiff has raised a procedural issue which must be disposed of prior to examination of the merits of the Motion of defendants, contending that defenses of res judicata may not be raised by means of a motion to dismiss, but must be raised by answer, pursuant to Rule 8(c), F.R.C.P. The Court of Appeals for the Third Circuit, in *Williams v. Murdoch*, 330 F.2d 745 (1964), expressly determined that the defense of res judicata may be raised by motion to dismiss.

■ It is also noted in that case that 28 U.S.C. § 1738 makes the concept of the full faith and credit clause of the Constitution applicable in a federal court when the first suit has been in a state court and the second is in a federal court, citing *American Surety Co. v. Baldwin*, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231 (1926).

Arkansas law strongly encourages that all causes of action arising out of the same occurrence or transaction be brought in one proceeding. One method for enforcement of this policy of the state law is exemplified in *Benedict v. Arbor Acres Farm, Inc.*, Ark., 579 S.W.2d 605 (1979), wherein it is stated:

"The law of *res judicata* provides that a prior decree bars a subsequent suit when the subsequent cause involves the same subject matter as that determined or which could have been determined in the former suit between the same parties; the bar extends to those questions of law and fact which 'might [well] have been but were not presented.' *Turner v. State*, 248 Ark. 367, 452 S.W.2d 317 (1970) and *Olmstead v. Rosedale Bldg. & Supply*, 229 Ark. 61, 313 S.W.2d 235 (1958)."

*Mays v. Brent*, 546 F.2d 1154 (5 Cir. 1977), illustrates that the Truth in Lending claim properly could have been joined with the state claims and litigated in the State Court, as part of one action involving one transaction. Clearly, as shown by this decision, had plaintiff made the Truth in Lending allegations in the complaint in Chancery Court, and that suit resulted in a final judgment, the judgment of the State Court would bar a subsequent proceeding in Federal Court on the same issues.

■ Of course, the defense of res judicata could not have been raised unless and until the State Court proceedings had resulted in a final judgment. Res judicata does not arise until the judgment in the first suit has been entered. See *Mitchell v. General Finance Corp. of Georgia*, 79 F.R.D. 82 (N.D.Ga.1978). Here, the judgment of the Chancery Court was entered July 31, 1979, and became final when no Notice of Appeal was filed within 30 days of that date. Only then could the plea of res judicata be raised. The Court, therefore, finds that defendants did not so unduly delay in their assertion of this defense as to preclude it being raised by the Motions under consideration. Certainly plaintiff has not contended that she is surprised or that she has been led to change her position to her prejudice by the delay of some four months between the finality of the judgment and the filing of the instant motions.

■ *Burgess v. Mitchell Motors, Inc.*, 449 F.Supp. 588 (N.D.Ga.1978), sets out two well established rules which are pertinent herein. First, the attempted reservation from a state court suit, on the underlying contract, of federal rights, under the Truth in Lending Act, is ineffectual to stave off the effect of res judicata.

■ Second, although state law determines what matters might properly have been joined in the state court suit, Federal law as to res judicata applies where a state court judgment is raised with reference to a complaint wherein jurisdiction is based on Federal statute. *Angel v. Bullington*, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947), and *Chicot County Drainage District v. Baxter*, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940), are cited for the proposition that:

"Since the truth-in-lending claims could have been raised in state court and are now forever barred from state court, plaintiff may not now raise these claims in federal court even though the claims were not litigated on the state level."

Although *Plant v. Blazer Financial Services, Inc., of Georgia*, 598 F.2d 1357 (5 Cir. 1979), and *Whigham v. Beneficial Finance Co. of Fayetteville, Inc.*, 599 F.2d 1322 (4 Cir. 1979), decided within approximately one month of each other, reach opposite results in characterizing the counterclaim of a lender, on the contract, in a Truth in Lending suit by the borrower as permissive or compulsory, neither is conclusive as to the issue presented to this Court in this cause. The reasoning of the Fifth Circuit seems to be the more persuasive, holding that the counterclaim is compulsory as arising out of the same transaction or occurrence, under the "logical relation test".

The Fourth Circuit finds no "logical relation", and concludes that to permit the lender to pursue private claims against the borrower by way of counterclaim would impede the expeditious enforcement of the Federal Act. That policy consideration does not arise where we are considering the attempted splitting off of the federal claim by the borrower from a prior state court suit filed by the borrower against the same party in a state court having jurisdiction of both claims.

The Court of Appeals for the Eighth Circuit, so far as this Court has discovered, has not had occasion to pass on the issue, but its holdings as to the scope of res judicata are broad and inclusive, *Towle v. Boeing Airplane Company*, 364 F.2d 590 (8 Cir. 1966). The Eighth Circuit interprets res judicata to include merger, bar, collateral estoppel and direct estoppel, and to operate both by "claim preclusion" and "issue preclusion", as defined by Professor Vestal, 364 F.2d at 592.

■ The Federal doctrine of res judicata applies to the bar of litigation of all claims and defenses that were actually raised or could have been raised in the former proceeding. Under the Federal rule, a party *must* raise all claims that are a part of the cause of action under adjudication. *Aerojet-General Corp. v. Askew*, 511 F.2d 710 (5 Cir. 1975). The Eighth Circuit has stated that:

"A judgment in a prior suit between the same parties is final not only as to all matters that were in fact offered and received to sustain or defeat the claim but also as to all matters that might have been offered for that purpose. (citing cases) . . . A party may not litigate a claim and then, upon an unsuccessful disposition, revive the same cause of action with a new theory.

\* \* \* \* \* \*

"Important policy interests are served by the claim preclusion aspect of res judicata. The doctrine prevents harassment of parties by repetitive litigation, conserves judicial resources, and prevents diminishment of the prestige of the courts by minimizing inconsistent decisions. (citing cases) . . ."

*Hayes v. Solomon*, 597 F.2d 958 (5 Cir. 1979), and *Davis v. Towe*, 379 F.Supp. 536 (E.D.Va.1974), state that a plaintiff may not "split" his cause of action, by filing one aspect based on state law in state court and an aspect based on Federal question jurisdiction in Federal Court, without meeting the bar of res judicata. Where the state court in the prior proceeding could have adjudicated the Federal claim, it is as effectively barred as it would have been, had the Federal claim in fact been raised and fully adjudicated. The judgment is conclusive, not only as to matters which were decided, but also as to all matters which might have been decided. *Engelhardt v. Bell & Howell Co.*, 327 F.2d 30 (8 Cir. 1964); *Roach v. Teamsters Local Union No. 688*, 595 F.2d 446 (8 Cir. 1979).

■ Only where the claim sued upon was not matured at the time of the former judgment, or the forum could not have had jurisdiction to decide the claim, would plaintiff be permitted to "split" his cause of action without meeting the bar of res judicata. *Int. Rys. of Central America v. United Fruit Co.*, 373 F.2d 408 (2 Cir. 1966); *Lawlor v. National Screen Service*, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955).

Here, the Court finds that the Truth in Lending claim of plaintiff arose out of the

same transaction as the state grounded claims of usury and on the contract made the basis for the Chancery Court action. Under the laws of the State of Arkansas, plaintiff not only could, but should have made the Federal claim a part of the same suit. The question of the insurance premium being incorrect, the fees and charges involved, the interest rate stated, were all matters common to both state and Federal claims. The contract contained the Truth in Lending disclosures complained of on its face, and these same disclosures were disputed with regard to the state claims.

Plaintiff had a full and fair opportunity to present her Truth in Lending claim to the Chancery Court. That Court had concurrent jurisdiction over the Federal cause of action. The same parties were involved. The same evidence was to be presented, in large measure, as to both claims. Had the Federal claim in fact been raised, there is no doubt that the judgment would be a complete bar to any subsequent suit on the same claim in either state or Federal courts.

 Under Arkansas law, a claim which could properly have been included in a suit is as fully barred as one which has been raised and adjudicated. Under the facts of this case, the Supreme Court of Arkansas would undoubtedly conclude that res judicata would bar a subsequent action in any state court on the Truth in Lending claim.

 This Court must give full faith and credit to the judgments of the courts of the State of Arkansas. *Williams v. Murdoch*, supra. The Truth in Lending claims could have been raised in the state court and are, therefore, barred from being raised in state court. They are, therefore, as fully barred, as though they had been raised and litigated in the state court, from being asserted in this Court. *Burgess v. Mitchell Motors, Inc.*, 449 F.Supp. 588 (N.D.Ga.1978) is on all fours with this case and reaches the same result. The facts of this case are even more compelling, as plaintiff chose both forums, knowingly attempting to split her cause of action.

Certainly her individual claim could have been presented in the state court, and the contention of plaintiff that the class action could not have been successfully pursued in the state court would not be sufficient grounds to prevent the bar of res judicata. The Court notes that plaintiff might well have been better served as to her individual claim had she pursued her remedy individually, as class relief to which she voluntarily limited herself during the course of the hearing might have been considerably smaller in amount than the individual damages she might have received (total recovery in a class action cannot exceed 1% of the net worth of the creditor and some 500 class members were anticipated, 15 U.S.C. § 1640[a][2][B]).

This Court, for the reasons set out, concludes that the cause of action stated in the complaint in this cause by the plaintiff is barred by the principles of res judicata, and that the Motion of defendants to dismiss the complaint should be granted. A separate Order to that effect will be entered.