**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted:  January 20, 2017
Date Decided:  February 1, 2017

Richard H. Cross, Jr., Esquire
Cross & Simon, LLC
913 N. Market Street, 11th Floor
Wilmington, DE  19801

Paul A. Bradley, Esquire
Maron Marvel Bradley & Anderson LLC
1201 N. Market Street, Suite 900
Wilmington, DE  19801

Re:  *Green v. GEICO General Insurance Company*
C.A. No. 9431-VCS

Dear Counsel:

After carefully reviewing this matter, including the parties' recent submissions on the jurisdictional issue, I have determined that I must dismiss the Amended Verified Class Action Complaint ("the Complaint") for lack of subject matter jurisdiction.[1]  This is a court of limited subject matter jurisdiction.  By statute,

---

[1] *See IBM Corp. v. Comdisco, Inc.*, 602 A.2d 74, 77 n.5 (Del. Ch. 1991) ("judges in the Delaware Court of Chancery are obligated to decide whether a matter comes within the

the Court is conferred with subject matter jurisdiction to hear and adjudicate all matters and causes in equity; it may not, however, exercise its subject matter jurisdiction where an adequate remedy of law is available.[2] In determining whether there is an adequate remedy at law, the "issue for the Equity court is not whether another remedy would be preferable to the plaintiffs, but whether the available remedy at law will provide a full, adequate and complete remedy to the plaintiffs."[3] As then-Chancellor Allen succinctly observed:

> Chancery jurisdiction is not conferred by the incantation of magic words. Neither the artful use nor the wholesale invocation of familiar Chancery terms in a complaint will excuse the court . . . from a realistic assessment of the nature of the wrong alleged and the remedy available in order to determine the whether a legal remedy is available and fully adequate. If a realistic evaluation leads to the conclusion that an adequate remedy [at law] is available, this court, in conformity with the command of Section 342 of Title 10, will not accept jurisdiction over the matter.[4]

equitable jurisdiction of this Court regardless of whether the issue has been raised by the parties. . .").

[2] 10 *Del. C.* §§ 341, 342.

[3] *Chateau Apts. Co. v. City of Wilm.*, 391 A.2d 205, 207 (Del. 1978).

[4] *McMahaon v. New Castle Assocs.*, 532 A.2d 601, 603 (Del. Ch. 1987). *See also IBM Corp.*, 602 A.2d at 78 ("equity will take a practical view of the complaint and will not permit a suit to be brought in Chancery where a complete legal remedy otherwise exists

After taking a "practical view"[5] of the Complaint, it appears to me that the Plaintiffs have adequate remedies at law.

Plaintiffs seek an injunction that would "prohibit GEICO from employing the Geographic Reduction Rule and Passive Modality Rule" when adjusting claims for benefits presented under Delaware's personal injury protection ("PIP") statute, 21 *Del. C.* § 2118, and a mandatory injunction that would "require GEICO to recalculate all previously paid claims [for PIP benefits] from the period March 10, 2011 to the date an injunction is issued . . . without using the Geographic Reduction Rule or Passive Modality Rule."[6]  Presumably these prayers are the "hooks" for equitable jurisdiction.  The requests for injunctive relief, in turn, are predicated upon the Court having determined that GEICO has either breached its contracts of insurance with its insureds or violated the applicable provisions of Delaware's PIP statute.  Yet the Complaint offers no well-pled facts that would support the notion

---

but where the plaintiff has prayed for some type of traditional equitable relief as a kind of formulaic 'open sesame' to the Court of Chancery").

[5] *See id.*

[6] Amended Verified Class Action Complaint at Prayers, ¶¶ b, c.

that a declaration of rights under the applicable contracts of insurance and/or Delaware's PIP statute, coupled with an award of damages and statutory penalties, if appropriate, would not provide an adequate remedy to the putative class of plaintiffs.[7]

A declaration that either the insurance policies at issue or the applicable statute(s) do not permit GEICO to employ the Geographic Reduction Rule or Passive Modality Rule in its claims processing would not require an accompanying injunction. There is no indication that GEICO would refuse to abide by a final declaratory judgment to this effect.[8] Plaintiffs' identification of instances where GEICO allegedly ignored orders issued in connection with Insurance Commissioner arbitration proceedings does not persuade me that GEICO would ignore a final

---

[7] *W. Air Lines, Inc. v. Allegheny Airlines, Inc.*, 313 A.2d 145, 149 (Del. Ch. 1973) (this Court will adjudicate a prayer for declaratory relief only when there otherwise exists "some special, traditional basis for equity jurisdiction").

[8] *See Chateau Apts.*, 391 A.2d at 208 ("declin[ing] to assume" that a defendant would refuse to heed a determination of liability such that an injunction would be required to insure compliance and facilitate enforcement of the judgment); *Levenberg v. Southland Corp.*, 1976 WL 5203, at *1 (Del. Ch. Aug. 5, 1976) ("it is a generally accepted principle that injunctive relief will not issue against a mere possibility of future harm or to allay mere apprehensions").

declaratory judgment of the Superior Court of Delaware. Moreover, Plaintiffs would have remedies available in the Superior Court to compel compliance, including a contempt citation, in the unlikely event that GEICO demonstrated any reluctance to comply fully with the Superior Court's order(s).

Plaintiffs maintain that their request for a mandatory injunction that would compel GEICO to reexamine all bills submitted to it "without using the Geographic Reduction Rule or Passive Modality Rule" is the only adequate remedy because GEICO has resisted providing discovery in the past that would allow for a calculation of damages.[9] Even assuming this is accurate, I am satisfied that Plaintiffs can resort to the Superior Court's Civil Rules, particularly Rule 37, to compel

---

[9] Damages evidence, in this case, presumably would be in the form of medical and other bills that were submitted on behalf of the putative class during the timeframe GEICO applied the Geographic Reduction Rule or Passive Modality Rule when adjusting claims. I note that this same evidence would be relevant and discoverable in the event this Court were to enter the mandatory injunction Plaintiffs seek here. Once the bills were produced, Plaintiffs presumably would present evidence regarding the amounts that should have been paid as reimbursement using "proper" claims adjustment methods and would contrast that amount with the amount actually paid as a basis to calculate compensatory damages. GEICO, of course, could rebut that evidence. *See Clark v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 1518662 (Del. Super. Ct. Mar. 30, 2015) (plaintiff brought claims on behalf of a putative class of policyholders that insurer engaged in improper claims practices when adjusting PIP claims and sought, *inter alia*, compensatory damages on behalf of the class).

GEICO to produce damages evidence in the event the Superior Court determines

that GEICO either breached its insurance contracts or violated the PIP statute by

applying the Geographic Reduction Rule or Passive Modality Rule when adjusting

claims.[10]  In this regard, I note that the mere fact a plaintiff may have to go to some

lengths to prove damages does not mean that damages are not an adequate remedy.[11]

Having reviewed the Complaint, and Plaintiffs' requested remedies, I am

satisfied that this Court lacks subject matter jurisdiction since "[t]he true nature of

this action is contractual; [and] complete relief is available at law."[12]  I appreciate

---

[10] I express no view at this stage whether the statutory remedies available to Plaintiffs under 18 *Del. C.* § 317 or 21 *Del. C.* § 2118(j) would also constitute adequate remedies at law.

[11] *See, e.g.*, *Willis v. PCA Pain Ctr. of Va., Inc.*, 2014 WL 5396164, at *3 (Del. Ch. Oct. 20, 2014) (finding that, in a challenge to the defendants' alleged failure to proceed with agreements to transfer a business to plaintiffs, while pro forma projections provided by the business were arguably "incompetent and misleading" and therefore not a sound basis for a damages award, there was no reason why the plaintiff could not engage a third party to undertake a valuation and therefore make adequate damages calculations); *Metro Ambulance Inc. v. Eastern Med. Billing, Inc.*, 1995 WL 409015, at *4 (Del. Ch. July 5, 1995) (holding that damages were an adequate remedy as they could be easily calculated, even where documents necessary to calculate damages were allegedly wrongly withheld by the defendants as these documents could "be 'recovered' through discovery in a court of law.").

[12] *Charlotte Broadcasting, LLC v. Davis Broadcasting of Atlanta, LLC*, 2013 WL 1405509, at *6 (Del. Ch. Apr. 2, 2013) (dismissing action for lack of subject matter jurisdiction and

that neither Plaintiffs nor the Defendant raised the jurisdictional issue, a circumstance that suggested initially that all parties were content to litigate their claims and defenses here. I raised the jurisdictional issue *sua sponte* because I am obliged to do so.[13] GEICO has since advised the Court that it agrees the Court lacks subject matter jurisdiction.[14] In any event, this court's jurisdiction cannot be conferred by consent.[15] Having now afforded the parties an opportunity to be heard on the issue, I conclude that dismissal with prejudice is appropriate subject to

---

noting that Plaintiff may "timely seek a transfer to the Superior Court"). *See also Clark v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 3882528 (Del. Super. Ct. Mar. 30, 2015), *aff'd*, 131 A.3d 806 (Del. 2016) (adjudicating claims of bad faith claims practices relating to Delaware's personal injury protection insurance statute); *Johnson v. GEICO Cas. Co.*, 310 F.R.D. 246 (D. Del. 2015) (adjudicating claims relating to the insurance carrier's use of the Geographic Reduction Rule and Passive Modality Rule after the case was removed from the Delaware Superior Court).

[13] *IBM Corp.*, 602 A.2d at 77 n.5.

[14] Having determined that the Court lacks subject matter jurisdiction, I decline GEICO's invitation to adjudicate the question of whether, under *Clark v. State Farm Mut. Auto. Ins. Co.*, 131 A.3d 806 (Del. 2016), the Insurance Commissioner of Delaware is vested with exclusive jurisdiction to address Plaintiffs' claims.

[15] *See El Paso Nat. Gas Co. v. TransAmerican Nat. Gas Corp.*, 669 A.2d 36, 39 (Del. 1995) ("It is a cardinal principle of the law that jurisdiction of a court over the subject matter cannot be conferred by consent or agreement.") (quoting *Timmons v. Cropper*, 172 A.2d 757, 760 (Del. Ch. 1961)).

Plaintiffs' election to have the case transferred to the Superior Court of Delaware

pursuant to 10 *Del. C.* § 1902.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*