# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PERMEAH SWEN,       )
                               )
    Appellant,        )
                               )
    v.                   )
                               )     C.A. No. N25A-03-001 CLS
GOODVILLE MUTUAL CASUALTY    )
COMPANY,           )
                               )
    Appellee.         )

Submitted: June 6, 2025
Decided: August 14, 2025

## **ORDER**

Having considered Appellant Permeah Swen's Opening Brief and Reply Brief,[1] and Appellee Goodville Mutual Casualty Company's Answering Brief,[2] it appears to the Court the following:

1. On March 4, 2025, Appellant appealed this action from the Court of Common Pleas.[3] The underlying case appears to assert a claim for enforcement of settlement offer.

---

[1] *See* D.I. 11, 15.

[2] *See* D.I. 13.

[3] *See generally* D.I. 1.

2. Appellee filed a motion to dismiss based on a lack of subject matter jurisdiction. Appellant failed to appear for the hearing.[4] On October 25, 2024, the Court of Common Pleas granted the motion to dismiss.

3. Appellant later filed a "Motion to Appeal for Failure to Appear," which was scheduled to be heard on January 10, 2025.[5] Because Appellant failed to appear at the scheduled time,[6] the Court of Common Pleas dismissed the motion and later granted Appellee's request for attorney's fees to defend that motion.

4. "When addressing an appeal from the Court of Common Pleas, this Court 'sits as an intermediate Appellate Court.'"[7] Under 10 *Del. C.* § 1326, parties may appeal final judgments from the Court of Common Pleas to the Superior Court on the record.[8] This Court examines whether the lower court's ruling is free of legal error and supported by evidence.[9] Factual findings are upheld if they "are adequately

---

[4] The hearing was originally scheduled on October 11, 2024, and then rescheduled to October 25, 2024.

[5] This motion was construed as one for a "Motion to Vacate Dismissal."

[6] At 9:00 am that day, after the Court dismissed Appellant's motion, she showed up for the hearing. Appellant acknowledged that she received the notice of the hearing to be heard at the scheduled time, but that "she thought the noted time was a 'mistake,' as all prior court hearings were slated to begin at 8:30 a.m."

[7] *Adele v. Clifton*, 2024 WL 2933075, at *2 (Del. Super. June 10, 2024), *aff'd*, No. 264, 2024, 2025 WL 720899 (Del. Mar. 5, 2025) (citations omitted).

[8] 10 *Del. C.* § 1326(c).

[9] *Auto Equity Loans of Del., LLC v. Baird*, 2021 WL 2346132, at *2 (Del. Super. June 8, 2021) (quoting *Clifford Romain v. State Farm Mut. Auto. Ins. Co.*, 1999 WL 1427801, at *2 (Del. Super. Dec. 2, 1999)).

supported by the record and are the product of orderly deductive process."[10]  Legal conclusions are reviewed *de novo*.[11]

5.      Under Court of Common Pleas Civil Rules 41(b) and (e), the court may dismiss a case for failure to comply with a court order or "for failure of a party diligently to prosecute the action, for failure to comply with any rule, statute, or order of the Court, or for any other reason deemed by the Court to be appropriate."[12]  The court gave ample opportunities for Appellant to defend her case, and she failed to do so.  The Court of Common Pleas did not abuse its discretion by dismissing the case and awarding attorney's fees after Appellant failed to appear for the hearings and provide good cause.

---

[10] "Factual findings of the Court of Common Pleas that are supported by the record will be upheld even if, acting independently, the Superior Court would have reached a contrary result."  *Hicklin v. Onyx Acceptance Corp.*, 970 A.2d 244, 248 (Del. 2009) (citing *Wright v. Platinum Fin. Servs.,* 930 A.2d 929 (TABLE)).

[11] *Lopez-Vazquez v. State*, 956 A.2d 1280, 1285 (Del. 2008).

[12] Ct. Com. Pl. Civ. R. 41(b), (e).

6. Finding no abuse of discretion and no legal error, the lower court's decision is **AFFIRMED**.[13]

**IT IS SO ORDERED.**

*/s/ Calvin Scott*
Judge Calvin L. Scott, Jr.

---

[13] In their Answering Brief, Appellee contends neither this Court nor the lower court has subject matter jurisdiction to enforce a settlement offer because any such claim calls for specific performance. *See* Defendant's Answering Brief at 4, D.I. 13. The lower court dismissed the case on another ground without discussing subject matter jurisdiction. Viewing "the allegations in the complaint [] in the light of what the plaintiff actually seeks and not necessarily what is pleaded," the Court considers Appellant's requested relief to seek contractual damages, not specific performance. *Bethany Marina Townhouses Phase II Condominiums, Inc. v. BMIG, LLC*, 175 A.3d 87 (Del. 2017) (citing *Chateau Apartments Co. v. City of Wilmington*, 391 A.2d 205, 207 (Del. 1978)). Therefore, the Court has subject matter jurisdiction to enforce a settlement offer.