## Fay WASHINGTON

v.

## Joseph ROTHENBERG, etc., et al.

### No. 77–0330–R.

United States District Court,
E. D. Virginia,
Richmond Division.

July 27, 1977.

Robert C. Metcalf, Richmond, Va., for plaintiff.

Rodney Sager, Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

On 6 July 1977 defendants Joseph Rothenberg and Joseph Rothenberg Enterprises moved the Court to dismiss this action for lack of jurisdiction on grounds that the credit transaction which is the subject matter of plaintiff's Truth-in-Lending claim was the subject of a previously filed State court action. Defendants urged that because plaintiff is afforded the opportunity to assert her claims in State court, this Court should refuse to exercise jurisdiction.

The motion is without substantial merit. This Court clearly has jurisdiction over plaintiff's Truth-in-Lending claim under 15 U.S.C. § 1640(e). There is nothing in defendant's motion to suggest the contrary. The motion must be denied.

Plaintiff in her complaint asks the Court to exercise its discretion and take jurisdiction over her claim that defendant violated the provisions of Va.Code § 6.1–330.26. Plaintiff seeks a declaratory judgment that the credit contract involved in this action is void in part as contrary to Virginia law.

█ Pendent jurisdiction is a doctrine of discretion which is justified by considerations of judicial economy, convenience, and fairness to litigants. · *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). This contract is already the subject of an action in State court. Plaintiff could and should raise the invalidity of the contract terms as a defense to defendant's State action on the contract. This is solely a matter of Virginia law, and raises no federal question whatsoever.

Therefore, the Court will decline to exercise pendent jurisdiction over plaintiff's claim under Va.Code § 6.1–330.26.

█ It is obvious that the most economical disposition of the Truth-in-Lending claim and the other claims asserted would be in the State court action still pending. Such a procedure is authorized by 15 U.S.C. § 1640(e) and Va.Code § 8–239.1. Accordingly, and with the expectation that these claims will be disposed of in their entirety in the State court, the Court will order a stay of further proceedings in this case until final disposition is made in the case now pending in the City of Richmond General District Court.

In addition to the questions of economy (not only judicial economy but also economy to the litigants in what is essentially a small claims court case) the relationship between the federal and the State courts mandates that this Court stay its hand. The State court action, having the same parties, involving the same subject matter and dealing with the same property, was filed before the present case, and it cannot be supposed that the prosecution of this action would not potentially interfere with the State court proceeding.

These considerations are similar to those found in *Wheeler v. Adams Company,* 322 F.Supp. 645, 659 (D.Md., 1971), in which the court stayed the federal action based on alleged Truth-in-Lending violations pending resolution of the underlying and prior State court claim. The United States Court of Appeals for the Fourth Circuit cited *Wheeler* in *Burgess v. Charlottesville Savings and Loan Ass'n,* 477 F.2d 40, 45 (4th Cir. 1973). Although the citation to *Wheeler* in *Burgess* was not for the point for which *Wheeler* is here cited, the District Court's stay of plaintiff's Truth-in-Lending claim pending disposition of the previously filed State court action was within the purview of the Circuit Court, and was not disapproved. Indeed, the Circuit Court's citation was to the page in the *Wheeler* decision where the stay was discussed. Under the circumstances, it is appropriate that this Court say

the proceeding here so the State court action and the accompanying claims may be prosecuted.

Since all matters pending here can be readily and efficiently disposed of in the State court it is unlikely that the parties will again have to resort to this Court in this litigation. Accordingly, the stay herein shall be for 90 days, unless sooner vacated, and if no further order be entered herein within said 90-day period the action will stand dismissed.

An appropriate order shall issue.