Estella H. ANDREWS,
Plaintiff-Appellant,

v.

SOUTHERN DISCOUNT COMPANY OF GEORGIA, Defendant-Appellee.

No. 80–9014

Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 23, 1981.

---

7. *See* note 5 *supra*.

Joseph H. King, Jr., Atlanta, Ga., for plaintiff-appellant.

John E. Tomlinson, Atlanta, Ga., for defendant-appellee.

Before RONEY, KRAVITCH and CLARK, Circuit Judges.

PER CURIAM:

Plaintiff filed this Truth-in-Lending (TIL) suit in federal court while an action was pending against her in state court on the underlying debt. Defendant moved to dismiss this suit on the ground the TIL claim must be asserted as a compulsory counterclaim in the state action.

The magistrate's report, adopted by the district court, provided:

> Although the defendant alleges dismissal of plaintiff's action is appropriate under *res judicata* principles because plaintiff's TIL claims are compulsory counterclaims in state court, dismissal is in fact inappropriate where the state action is still pending. Compare *Mays v. Brent*, 546 F.2d 1154 (5th Cir. 1977), *cert. denied*, 434 U.S. 850 [98 S.Ct. 160, 54 L.Ed.2d 118] (1977); *Burgess v. Mitchell Motors, Inc.*, [449] F.Supp. [588] (N.D.Ga. No. C77–1411A, May 8, 1978, O'Kelley, J.) (*res judicata* principles apply only after state court renders final judgment).

> However, under Georgia law, plaintiffs TIL claims are compulsory counterclaims in the state court action. *Aycock v. Household Finance Corp.*, 142 Ga.App. 207, 235 S.E.2d 578 (1977), *cert. denied*, 240 Ga. 570, 241 S.E.2d 835 (1977). Thus, plaintiff's counterclaims are properly before the state court. It is therefore appropriate, considering factors of judicial and litigant economy, for this court to stay the instant TIL action pending resolution of the state court proceeding. *Ruby Nell Holmes v. Safeway Finance Co., Inc.*, (N.D.Ga. No. C77–1918A, Mar. 30, 1978, Murphy, J. adopting R&R of Mar. 2, 1978 of Forrester, M.). See also *Washington v. Rothenberg*, 436 F.Supp. 699 (E.D.Va.1977); *Wheeler v. Adams Co., Inc.*, 322 F.Supp. 645, 659–60 (D.Md. 1971). But see *Mitchell v. General Finance Corp.*, 79 F.R.D. 82 (N.D.Ga.1978).

RECOMMENDATION

For the above and foregoing reasons, this court recommends that defendant's Motion to Dismiss be denied, and that the

**724**

instant action be stayed pending resolution of defendant's action (No. 79–6472), in the Superior Court of DeKalb County. The district court subsequently denied a motion to dissolve the stay, and plaintiff appeals.

We dismiss the appeal on the ground the stay order is not appealable. *See Jackson Brewing Co. v. Clarke*, 303 F.2d 844 (5th Cir.), *cert. denied*, 371 U.S. 891, 83 S.Ct. 190, 9 L.Ed.2d 124 (1962). Although the stay here is in an action at law, it was not sought to permit determination of *equitable* defenses or counterclaims, a requirement for appealability of a stay order. *Id.* at 845–46. The order also does not fall within the collateral order doctrine, established in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), because a failure to review at this time will not bar plaintiff's claim from federal adjudication, if for some reason the claim is not properly litigated in the state court. Plaintiff justifiably makes no attempt to assert the order is appealable as an injunction or as a 28 U.S.C. section 1292(b) order, no court certificate having been obtained.

APPEAL DISMISSED.