**TEXACO, INC., Plaintiff-Appellee,**

v.

**COTTAGE HILL OPERATING COMPANY, Defendant-Appellant.**

No. 82–2944.

United States Court of Appeals, Seventh Circuit.

May 13, 1983.

Decided June 17, 1983.

Rehearing and Rehearing En Banc Denied Aug. 18, 1983.

Wilbur H. Boies, McDermott, Will & Emery, Chicago, Ill., for defendant-appellant.

Frank O. Wetmore, II, Winston & Strawn, Chicago, Ill., for plaintiff-appellee.

Before WOOD and ESCHBACH, Circuit Judges, and CAMPBELL, Senior District Judge.*

ESCHBACH, Circuit Judge.

Cottage Hill Operating Company ("Cottage Hill") appeals from the district court's denial of its Motion to Dismiss or to Stay. For the reasons below, we dismiss the appeal for lack of appellate jurisdiction.

I

Texaco, Inc. ("Texaco") supplied gasoline to Cottage Hill, who in turn used the gasoline in its school bus service. Cottage Hill itself is a for-profit organization subject to state use tax, but it contends that it buys gasoline as an agent for tax-exempt schools and is thus exempt from both federal and state taxes on gasoline.

* The Honorable William J. Campbell, Senior District Judge for the Northern District of Illinois, sitting by designation.

In 1981, the Illinois State Department of Revenue informed Texaco that it should have been collecting use tax on its sales to Cottage Hill. The Department eventually assessed Texaco for over $21,000 in use and Regional Transportation Authority tax for transactions with Cottage Hill dating back to 1976. Texaco paid the assessed back taxes to the state, and on its own initiative, paid over $27,000 in federal excise tax covering the same transactions to the Internal Revenue Service.

Meanwhile, Cottage Hill was attempting to establish its tax-exempt status with respect to gasoline purchases through Illinois state administrative proceedings. A state administrative review officer issued a ruling adverse to Cottage Hill on May 5, 1982. Cottage Hill appealed this decision to a state circuit court, which, on February 14, 1983, reversed the administrative decision as it applied to most of Cottage Hill's gasoline purchases. The Illinois Department of Revenue has indicated its intent to appeal.

Texaco filed the instant diversity action in federal court on February 2, 1982, seeking reimbursement from Cottage Hill for the state and federal taxes paid by Texaco as a result of sales to Cottage Hill. On May 28, 1982, Cottage Hill moved the court to dismiss for lack of subject matter jurisdiction, or in the alternative, to stay proceedings pending resolution of the state court proceedings. The court denied this motion on September 8, 1982, and Cottage Hill appeals.

## II

Cottage Hill raises several issues on appeal. However, we cannot reach the merits of its arguments because we conclude that we lack appellate jurisdiction.

Cottage Hill asserts appellate jurisdiction under 28 U.S.C. § 1292(a)(1), which provides that courts of appeals have jurisdiction over interlocutory orders from district courts "granting, continuing, modifying, refusing or dissolving, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court ...."

■ As a general rule, denials of motions to dismiss are not appealable, *see Catlin v. United States*, 324 U.S. 229, 236, 65 S.Ct. 631, 635, 89 L.Ed. 911 (1945); *Hepperle v. Southern Methodist University*, 526 F.2d 1257, 1258–59 (5th Cir.1976); *Fano v. Meachum*, 520 F.2d 374, 377 (1st Cir.1975), *rev'd on other grounds*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Brannon v. Warn Bros.*, 508 F.2d 115, 118 (9th Cir.1974), even when the motion is based on jurisdictional grounds, *Catlin v. United States, supra*, 324 U.S. at 236, 65 S.Ct. at 635. There is authority that an otherwise unreviewable denial of a motion to dismiss is reviewable if it is part of an order granting preliminary injunctive relief. *See Helzberg's Diamond Shops v. Valley West Des Moines Shopping Center*, 564 F.2d 816, 818 (8th Cir.1977). However, in the instant case, we have neither this circumstance nor any other special circumstance that would transform an otherwise unreviewable order denying dismissal into a reviewable one.

■ While orders granting or denying a stay are not injunctive relief in a traditional sense, under certain circumstances, these orders may be appealable under 28 U.S.C. § 1292(a)(1). "An order staying or refusing to stay proceedings in the district court is appealable under § 1292(a)(1) only if (A) the action in which the order was made is an action which, before the fusion of law and equity, was by its nature an action at law; *and* (B) the stay was sought to permit the prior determination of some *equitable* defense or counterclaim." *Jackson Brewing Co. v. Clarke*, 303 F.2d 844, 845 (5th Cir.), *cert. denied*, 371 U.S. 891, 83 S.Ct. 190, 9 L.Ed.2d 124 (1962) (emphasis in original); *see also Microsoftware Computer Systems v. Ontel Corp.*, 686 F.2d 531, 535 (7th Cir. 1982); *Andrews v. Southern Discount Co.*, 662 F.2d 722, 724 (11th Cir.1981); *Jensenius v. Texaco, Inc.*, 639 F.2d 1342, 1343 (5th Cir.1981); *Bear v. Hayden, Stone, Inc.*, 526 F.2d 734, 735 (9th Cir.1975). *See generally* 9 Moore's Federal Practice ¶ 110.20[3] (2d

ed. 1982).[1] This so-called *Enelow-Ettelson* rule, named for two Supreme Court cases which form its doctrinal basis, is premised on the characterization that the party moving for a stay has, in essence, invoked the power of the chancellor to enjoin a legal action. *See Ettelson v. Metropolitan Life Insurance Co.*, 317 U.S. 188, 191–92, 63 S.Ct. 163, 164, 87 L.Ed. 176 (1942); *Enelow v. New York Life Insurance Co.*, 293 U.S. 379, 381–82, 55 S.Ct. 310, 311, 79 L.Ed.2d 440 (1935).[2]

In the instant case, the proceedings that Cottage Hill wishes to stay sound in law—Texaco is seeking money damages from Cottage Hill. Thus the first part of the *Enelow-Ettelson* rule is met. However, the defense that Cottage Hill is attempting to establish in the state proceedings also sounds primarily in law. If Cottage Hill prevails in the state proceedings, the defense it will bring to federal court is simply that it is not liable for the taxes Texaco paid because Cottage Hill never owed the taxes in the first place. The instant case is distinguishable from *Microsoftware Computer Systems v. Ontel Corp.*, 686 F.2d 531 (7th Cir.1982), in which the district court refused to stay a federal action that was identical in all respects to a pending state action, except that the plaintiff in the state action was the defendant in the federal action. In that case, having found the underlying action in the district court to be legal in nature, this court then found the proposed defense to be equitable, because the basis of the requested stay was to prevent the unnecessary and wasteful duplication of lawsuits. *Id.* at 536–37. In contrast, in the instant case, while some issues in the two suits overlap, the parties to the suits are different, and resolution of the state court suit would not render the federal proceedings unnecessary, but at most,

less complex. We therefore decline to extend the *Microsoftware* analysis to the instant case and conclude that the second part of the *Enelow-Ettelson* rule is unsatisfied.

While there may be certain exceptional circumstances under which grants or denials of stays not meeting the *Enelow-Ettelson* requirements would be appealable, *see Acton Corp. v. Borden, Inc.*, 670 F.2d 377, 380–82 (1st Cir.1982) (discussing several exceptions to the general rule that stay orders are nonappealable), we find no exceptional circumstances in this case. We therefore conclude that the district court's order denying Cottage Hill's Motion to Dismiss or to Stay is not an appealable order.

III

For the reasons above, this appeal is dismissed for lack of appellate jurisdiction.

---

1. This rule is not without its critics, but nevertheless is well established as a matter of precedent. *See* 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedure: Jurisdiction § 3923 at 48–49, 53 & n. 14 (1977), and cases cited therein.

2. While this rule was developed in the context of staying one action while another action in

the same proceeding was resolved, the rule has been widely applied by the courts of appeals in the context of separate proceedings in different forums. *See e.g., Microsoftware Computer Systems v. Ontel Corp.*, 686 F.2d 531 (7th Cir. 1982); *Andrews v. Southern Discount Co.*, 662 F.2d 722 (11th Cir.1981); *Jensenius v. Texaco, Inc.*, 639 F.2d 1342 (5th Cir.1981).