**MAYACAMAS CORPORATION, a California corporation, Plaintiff/Appellee,**

v.

**GULFSTREAM AEROSPACE CORPORATION, a Georgia corporation, Defendant/Appellant.**

No. 86–1830.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 13, 1986.

Decided Dec. 19, 1986.

As Corrected Jan. 16, 1987.

Gary L. Hultquist, Gregory H. Ward, Mosher, Pooley, Sullivan & Hultquist, Palo Alto, Cal., for plaintiff/appellee.

Elliot L. Bien, Robert J. Stumpf, Bronson, Bronson & McKinnon, San Francisco, Cal., for defendant/appellant.

Before WRIGHT, SNEED and KOZINSKI, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

Gulfstream appeals the denial of its motion to stay or dismiss the action pending the resolution of parallel state proceedings. We find these orders nonappealable and dismiss.

FACTS

Mayacamas, a California corporation, agreed to purchase an aircraft manufactured by Gulfstream, a Georgia corporation. Mayacamas later refused to make payments allegedly because Gulfstream increased the production and availability of its aircraft. This allegedly frustrated Mayacamas's purpose, which according to Mayacamas was to transfer its rights when demand for the aircraft was high.

Gulfstream filed a breach of contract action against Mayacamas in a Georgia state court. About a month later, Mayacamas filed a diversity action against Gulfstream for breach of the same contract in the district court for the Northern District of California.

Each party has been inconvenienced prosecuting or defending the actions in the two fora. Witnesses and documents are located in both California and Georgia. There has been discovery in both actions.

Gulfstream moved to stay or dismiss the federal action pursuant to the abstention doctrine. *Colorado River Water District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).[1] The district court found no exceptional circumstances that justified abstention, even though the actions may be duplicative.

Gulfstream appeals, asserting jurisdiction under 28 U.S.C. § 1292(a)(1) and 28 U.S.C. § 1291. Alternatively, it requests its petition for appeal be treated as a petition for mandamus.

ANALYSIS

1. *28 U.S.C. § 1292(a)(1)*

Neither this nor the Supreme Court has ruled on whether an order denying a stay of proceeding pending the resolution of a parallel state proceeding is appealable under 28 U.S.C. § 1292(a)(1).

We have jurisdiction over appeals from "[i]nterlocutory orders of the district courts of the United States ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions...." 28 U.S.C. § 1292(a)(1).

Certain orders granting or denying a stay of litigation pending the outcome of a proceeding in another forum are analogous to injunctions and appealable under section 1292(a)(1). *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935); *Ettelson v. Metropolitan Life Ins. Co.*, 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942).

But two criteria must be met. First, the action in which the order was made must be one that, before the fusion of law and equity, was an action at law. Second, the stay must be sought to permit the prior determination of some equitable defense or counterclaim. *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1421 (9th Cir. 1984).

Here, the first prong is satisfied because the action is one at law: breach of contract with plaintiff seeking money damages. *See id.; Wren v. Sletten Constr. Co.*, 654 F.2d 529, 533 (9th Cir.1981).

But the second prong is not satisfied. The stay was not sought to permit determination of an equitable defense. Avoiding duplicative litigation is an equitable consid-

---

**1.** Factors considered under the *Colorado River* test include: (1) whether either court has exercised in rem jurisdiction; (2) the convenience of the federal forum; (3) avoidance of piecemeal litigation; (4) order of jurisdiction; (5) whether federal law provides the rule of decision; and (6) whether the state law proceeding is adequate to protect litigants' rights. *Colorado River Water District v. United States*, 424 U.S. at 818–19, 96 S.Ct. at 1246–47; *Moses H. Cone Hospital v. Mercury Const. Corp.*, 460 U.S. 1, 23–27, 103 S.Ct. 927, 941–43, 74 L.Ed.2d 765 (1983).

eration, not an equitable defense. *See Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1073 (3d Cir.1983).

We decline to follow the Seventh Circuit, which ruled that a stay requested to prevent wasteful duplication of lawsuits is an equitable defense. *Microsoftware Computer Systems v. Ontel*, 686 F.2d 531 (7th Cir.1982). Instead, we shall follow circuits that find these orders nonappealable under 1292(a)(1). *See Gold v. Johns-Manville Sales Corp.*, 723 F.2d at 1073 (equitable considerations do not constitute equitable defense); *Jackson Brewing Company v. Clarke*, 303 F.2d 844, 846 (5th Cir.), *cert. denied*, 371 U.S. 891, 83 S.Ct. 190, 9 L.Ed.2d 124 (1962) (stay to permit pending state action between the parties not considered an equitable defense); *Andrews v. Southern Discount Co. of Georgia*, 662 F.2d 722, 724 (11th Cir.1981) (stay to permit resolution of disputed issues in state court not appealable).

### 2. *28 U.S.C. § 1291*

The denial of a stay is not a final decision appealable under section 1291 because it does not end the litigation on the merits. *In re Benny*, 791 F.2d 712, 718 (9th Cir. 1986); *see Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed.2d 911 (1945). But Gulfstream argues that it is appealable under an exception to the final judgment rule: the collateral order doctrine. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 547, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949).

This exception allows appeals from interlocutory orders that (1) conclusively determine a disputed question, (2) resolve an important issue separate from the merits, and (3) are effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98

S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978); *United States v. Ohnick*, 803 F.2d 1485 (9th Cir.1986).

The collateral order exception applies only where there is an "asserted right the legal and practical value of which could be destroyed if it were not vindicated before trial." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377, 101 S.Ct. 669, 675, 66 L.Ed.2d 571 (1981) (quoting *United States v. MacDonald*, 435 U.S. 850, 860, 98 S.Ct. 1547, 1552, 56 L.Ed.2d 18 (1978)). Before the *Cohen* test will apply, the appellant must show that the district court's erroneous decision will deprive him of some protected interest. *In re Cement Antitrust Litigation (MDL No. 296)*, 673 F.2d 1020, 1023–24 (9th Cir.1981); *see Abney v. United States*, 431 U.S. 651, 659–60, 97 S.Ct. 2034, 2040, 52 L.Ed.2d 651 (1977) (claimed violation of double jeopardy); *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985) (claim of qualified immunity); *United States v. Claiborne*, 727 F.2d 842 (9th Cir.1984) (right of federal judge not to be indicted unless first impeached).

Here, Gulfstream has no right to have this federal action stayed or dismissed. It is not deprived of a protected interest.[2] Thus, we do not reach the *Cohen* test, and we find the order nonappealable.[3]

### 3. *Writ of Mandamus*

Gulfstream requests that its notice of appeal be treated as a petition for a writ of mandamus under 28 U.S.C. § 1651. We decline to do so.

No serious hardship or prejudice will result from the order denying a stay or dismissal. *See Hartland v. Alaska Airlines*, 544 F.2d 992, 1004 (9th Cir.1976) (Wallace, J., concurring) Even if we were to grant

---

**2.** Gulfstream's reliance on *Commuter Transp. Systems, Inc. v. Hillbrough County Aviation Authority*, 801 F.2d 1286 (11th Cir.1986), is inapposite. There, a denial of summary judgment on grounds of immunity was held appealable as a collateral order. But a claim of immunity is a protected interest that conclusively determines the defendant's right not to stand trial. *See Mitchell v. Forsyth*, 105 S.Ct. at 2816 (1985).

**3.** Even if the order did involve a protected interest, it would not be appealable under *Cohen*. The denial of a stay does not conclusively determine the issue. The district court may reopen the order and consider a stay if the *Colorado River* factors begin to weigh in favor of abstention.

review, Gulfstream can not show a clear and undisputed right to the writ. *See Bankers Life Casualty Co. v. Holland,* 346 U.S. 379, 384, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953); *Bauman v. United States District Court,* 557 F.2d 650, 654–55 (9th Cir.1977) (providing five guidelines for mandamus analysis). It was well within the district court's discretion to deny the motion. *See Will v. Calvert Fire Ins. Co.,* 437 U.S. 655, 665–66, 98 S.Ct. 2552, 2558–59, 57 L.Ed.2d 504 (1978).

APPEAL DISMISSED.

SNEED, Circuit Judge, dissenting;

I respectfully dissent from the holding that this order is not appealable. Although the issue is a significant one, I shall not extend this expression of my views beyond stating that I would follow the Seventh Circuit's holding appearing in *Microsoftware Computer Systems, Inc. v. Ontel Corporation,* 686 F.2d 531 (7th Cir.1982). That is, in my view the order is appealable under 28 U.S.C. § 1292(a)(1).

It will serve little purpose for me to discuss the merits of the appeal. Suffice it to say, I would affirm the district court's refusal to abstain.